O. B. JOHNSON, Plaintiff-Appellee, *v.* SAFEWAY INSURANCE COMPANY, Defendant-Appellant.

(Nos. 58510, 58774 cons.;

·First District (5th Division)—May 23, 1975.

Parrillo, Sims & Bresler, of Chicago (Murray W. Sims, Jr., of counsel), for appellant.

Samuel Alfassa, of Chicago, for appellee.

Mr. PRESIDING JUSTICE BARRETT delivered the opinion of the court:

This action was brought on May 12, 1972, for specific performance for the alleged failure of defendant to perform under a contract of insurance entered into between the parties. Defendant filed an answer in which it admitted the policy of insurance, but neither admitted nor denied many of the allegations which it had no knowledge of at the time the answer was filed. On July 31, 1972, the court set the case for trial on September 25, 1972, at 2 P.M.

On September 21, 1972, the attorney handling the matter for defendant was assigned to trial before a different court. The following day

plaintiff's attorney received a telephone message from the office of the attorney for defendant informing plaintiff's counsel of his engagement before another court on September 25, 1972. Defense counsel's office then requested that the attorney for plaintiff obtain a continuance before the trial court. On September 25, 1972, at 2 P.M., plaintiff's attorney appeared before the trial court and, when no one appeared for defendant, advised the court of the substance of the telephone message received from defendant's attorney's office. The court then requested its clerk to contact the office of the attorney for defendant to instruct someone to appear on behalf of defendant. The court waited approximately one-half hour and, when no one appeared, directed plaintiff's attorney to proceed ex parte with the trial of said cause. At the conclusion of the hearing that afternoon, the court instructed its clerk again to contact defendant's attorney's office and advise the attorney that a hearing was held and that a judgment would be entered on the next day. On September 26, 1972, plaintiff's attorney appeared before the court and, when no one appeared on behalf of defendant, a judgment was entered for $5,675 against defendant.

On October 18, 1972, plaintiff's attorney was served with notice by defense counsel that he would appear on October 19, 1972, and move the court to vacate the default judgment. On said date, the motion was not presented. No one appeared from the attorney's office representing defendant. On October 26, 1972, defendant's attorney served another notice of motion to vacate the judgment for November 2, 1972, which motion was heard on December 13, 1972, and was denied. Defendant appeals from that decision.

OPINION

Defendant's first contention is that the trial court erred by entering the ex parte judgment after being advised that the attorney for defendant was engaged in trial on another matter. We agree with defendant.

■■■ Cook County Circuit Court Rule of Practice 6.1(a), enacted pursuant to the authority granted by Supreme Court Rule 21,[1] provides:

"*Continuances*

a) *Attorney engaged.* A party shall be entitled to a continuance on the ground that his attorney (who filed his trial appearance at the pretrial conference) is actually engaged in another trial or hearing, but only for the duration of the particular trial or hearing in which the attorney then is engaged. No trial will be continued a second time upon the motion of the same party on the

---

[1] Ill. Rev. Stat. 1973, ch. 110A, par. 21.

ground of prior engagement of his attorney." (Adopted May 3, 1971.)

The language of this provision is clear in allowing a party a first continuance as a matter of right when his attorney is actually engaged in another trial or hearing.

Although not raised by defendant in his written brief, this court is cognizant of the 1969 order of the presiding justice of the Chancery Division which states:

> "ORDER: It is hereby ordered that except in the case of illness or similar emergency, all motions to continue matters on the set call before any judge in the Chancery Division (of the Circuit Court of Cook County) must be presented to the chancellor no later than two days prior to the date on which the matter is set for hearing." (Illinois Courts Rule Book, § 6, Miscellaneous Information, at 8 (2d ed.).)

There is no doubt that the attorney for defendant was derelict in his duty to the court by his failure to comply with the order of the presiding judge of the Chancery Division and there can be no doubt that the chancellor felt that he was acting within his discretion in following the order rather than the rule. It is our judgment that the rule under the circumstances of this case takes precedence over the order.

While it is unclear as to which attorney was to present the request for a continuance to the court, it is certain that on September 25, 1972, plaintiff's attorney appeared and explained that defense counsel was presently engaged in trial before another court. Being so advised, we feel that it was incumbent upon the trial court to construe this explanation as a request from defendant for a continuance and to grant such continuance in accordance with Circuit Court Rule 6.1(a).

For the above reasons, we do not deem it necessary to consider any other issue raised by this appeal. In accordance with the views expressed herein, the judgment of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DRUCKER and SULLIVAN, JJ., concur.