HOLLYWOOD MANAGEMENT COMPANY, Plaintiff-Appellee, *v.* WILLIAM ANDRES *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 62393

Opinion filed August 19, 1976.

O'Brien, Hanrahan, Wojcik & Conniff, of Chicago (John W. Purney, of counsel), for appellants.

No appearance for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

This case involves a trial court's refusal to grant a request for a continuance, which was made on the day set for trial, and the court's subsequent entry of an ex-parte judgment against the defendants upon their attorney's refusal to participate in the trial after his motion for a continuance was denied. The defendants appeal this judgment, contending that a party, pursuant to the Rules of Practice of the Circuit Court of Cook County, is entitled to an initial continuance as a matter of right if his attorney is actually engaged in another trial, and that the court's action prevented them from having their day in court and deprived them of their right to due process of law.

Hollywood Management Company filed suit against William and Nancy Andres for four months back rent. An attorney, John W. Purney, filed an appearance for William Andres. The case was set for trial on April 24, 1975. Purney had begun a jury trial on April 18 and it was still in progress on April 24. On April 23 an employee of Purney's office telephoned the secretary of the plaintiff's attorney and advised her that the Hollywood case would have to be continued due to the fact that the defense counsel was engaged in trial. Late in the afternoon of the same day, Michael Condron, a member of Purney's law firm, made a second

telephone call to the plaintiff's attorney. He spoke with one of the attorney's associates and gave him the same message.

When the case was called on April 24 Condron, acting on Purney's behalf, made a motion for a continuance stating that the attorney of record was engaged in trial in another courtroom and was therefore unavailable. The trial court denied this motion and entered a judgment against the defendants for $737.50 and costs.

The defendants moved to vacate the judgment within the statutory time period and they reasserted the claim that their attorney was unavailable on April 24 because he was engaged in another trial. The motion to vacate was denied.

Rule 6.1(a) of the Rules of Practice of the Circuit Court of Cook County, adopted May 3, 1971, pursuant to Supreme Court Rule 21 (Ill. Rev. Stat., 1975, ch. 110A, par. 21), states:

> *"Continuances*
>
> "(a) *Attorney engaged.* A party shall be entitled to a continuance on the ground that his attorney (who filed his trial appearance at the pretrial conference) is actually engaged in another trial or hearing, but only for the duration of the particular trial or hearing in which the attorney then is engaged. No trial will be continued a second time upon the motion of the same party on the ground of prior engagement of his attorney."

This provision allows a party a first continuance as a matter of right when his attorney is actually engaged in another trial. See *Johnson v. Safeway Insurance Co.* (1975), 29 Ill. App. 3d 520, 331 N.E.2d 155.

Purney filed an appearance for William Andres and was the attorney of record for the defendants. The trial court was advised by Condron that Purney was unavailable for trial on April 24th because he was engaged in another trial. There is no indication in the record that he had made any request for a continuance for the same reason prior to April 24. Since this was his first such request, he was entitled to a continuance for at least the duration of the jury trial in which he was engaged.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

MEJDA, P. J., and McNAMARA, J., concur.