CHARLES LADENHEIM, Trustee, Plaintiff-Appellee, *v.* FLETA McCORMICK *et al.*, Defendants-Appellants.

Fifth District   No. 78-8

Opinion filed November 28, 1978.

Paul T. Austin, of Marion, for appellants.

Don E. Prosser, of Kimmel, Huffman, Prosser & Kimmel, of Carbondale, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by defendants, Fleta McCormick and Glenn Montgomery, from the judgment entered by the circuit court of Jackson county in favor of plaintiff, Charles Ladenheim. This action involves a dispute over the ownership of carbon or slurry deposits situated on the plaintiff's premises. Plaintiff brought the action seeking a decree declaring the slurry deposits to be the property of plaintiff and further, permanently enjoining defendants from entering upon the premises and removing any portion of the slurry located thereon. Following a bench trial, the lower court entered judgment which, based on extensive findings of fact, granted plaintiff the relief requested. As will be discussed, we dismiss this appeal due to the failure of defendants to comply with Supreme Court Rules governing appellate procedure. See Ill. Rev. Stat. 1977, ch. 110A, par. 301 *et seq.*

The record before us shows that at the bench trial, the parties offered a joint stipulation of facts, and exhibits attached thereto, which was admitted in evidence. Each of the parties then presented additional evidence consisting of the testimony of various witnesses. On appeal the defendants have attempted to present the following issues for review: (1) whether the trial court erred in considering evidence which contradicted the joint stipulation of facts; (2) whether the court's findings that defendants are not the owners of the carbon deposits, are contrary to the manifest weight of the evidence; and (3) if so, whether the court erred in enjoining defendants from entering plaintiff's land in order to remove the carbon.

The notice of appeal in this cause was timely filed on November 15, 1977. On that day the defendants also filed a praecipe for record with the clerk of the trial court. The praecipe requested the clerk to transmit the entire trial court record including a report of proceedings. On January 9, 1978, the record on appeal was filed in this court. It contained a common-law record but not a report of proceedings. On February 9, 1978, defendants filed a motion for an extension of time to file their brief and abstract, or designation of excerpts. An extension was granted through March 15, 1978.

On March 6, 1978, plaintiff filed a motion to dismiss the appeal and a memorandum of law in support thereof. The motion was based upon the failure of defendants to comply with Supreme Court Rule 323, in that they failed to have submitted a report of proceedings to the trial judge for certification of correctness; to have filed a duly certified report of proceedings with the trial court for the purposes of preparing a record on appeal; and to have done the foregoing within the time limitations of Rule 323 or have obtained any extension of time as permitted by the Rule. The motion further alleged that defendants failed to serve plaintiff notice of the filing of the record on appeal as required by Supreme Court Rule 327. Pursuant to the motion to dismiss, this court ordered the defendants to show cause why the appeal should not be dismissed. On March 20, 1978, defendants filed a response thereto. The response is not entirely clear. In it, defendants assert that their appellate counsel ordered a report of proceedings from the court reporter and that within the time allowed "the same was completed and submitted to counsel and to the Clerk of the Trial Court, but was not certified by the trial judge." It then argues that under the circumstances the appeal should not be dismissed merely for the failure to have obtained a proper certification. It should be noted that, in fact, no report of proceedings, certified or otherwise, had been filed in the trial court or had been made a part of the record on appeal. It appears that a transcript had been delivered to defendants' counsel but that he took no action with regard to it. The response further states that "this case was tried on a Stipulation of Facts, a copy of which is attached hereto and it together with the record is sufficient for determination of this Appeal." Attached to the response is an unauthenticated document titled "Stipulation for Facts." With regard to plaintiff's argument concerning the failure to comply with Rule 327, defendants, in their response, argue that plaintiff failed to show prejudice therefrom.

On March 30, 1978, this court ordered that plaintiff's motion to dismiss be taken with the case. The defendants then moved for an extension of time to file their brief and abstract or designation of excerpts through April 15, 1978, which was granted. Two days after the expiration of the extended time, on April 17, 1978, the defendants filed their brief absent, however, an abstract or designation of excerpts contrary to the requirements of Supreme Court Rule 342. On this basis, plaintiff filed, on June 6, 1978, a second motion to dismiss the appeal. On June 16, 1978, this court ordered defendants to show cause why the appeal should not be dismissed. In response thereto, on June 22, 1978, defendants filed an answer stating in part that they would file a designation of excerpts instanter. This court therefore entered an order on July 7, 1978, granting defendants seven days from that date to file their designation of excerpts, granting plaintiff seven days thereafter to file a designation of additional

excerpts, and granting defendants seven days after this period to file the excerpts from record so designated. Twelve days after this court's order of July 7, 1978, plaintiff again moved to dismiss the appeal for failure of the defendants to file a designation of excerpts within the time granted by the order. On the following day, July 20, 1978, however, defendants responded by moving for leave to file the designation of excerpts instanter. Accordingly, on that day, leave to file instanter was granted and plaintiff's motion to dismiss on this basis was denied. It was further ordered that plaintiff be granted seven days to file a designation of any additional excerpts he deemed essential and that seven days thereafter defendants were to file the excerpts from record that had been so designated. Contrary to this court's order of July 20, excerpts from record, in proper form and content pursuant to Supreme Court Rules 342 and 344, have never been filed by defendants.

On September 19, 1978, oral argument was had in this cause. At that time, defendants' appellate counsel presented a transcript to this court and he moved for leave to file such as the report of proceedings for the purpose of the record on appeal. The transcript bore a signed certificate by a court reporter dated November 30, 1977. However, it lacked a certificate of correctness by the trial judge. Leave to file the transcript was denied.

■■■ Upon a review of all the documents before us, it appears that the uncertified transcript of the bench trial had been timely delivered by the court reporter to the defendants. Yet they failed to submit the same to the trial judge for certification and failed to file it in the trial court upon the assumption that the court reporter had filed a supposed duplicate copy with the trial court. There can be little excuse, and certainly none has been shown here for their failure to have ascertained whether or not such had in fact been done. For reasons we find incomprehensible, it appears that at the time defendants responded to plaintiff's motion to dismiss for failure to file a report of proceedings, they labored under the misapprehension that the only portions missing from the report of proceedings were the joint stipulation of facts and the certificate of correctness. They thus attempted to supply these supposed omissions pursuant to Supreme Court Rule 329 governing amendments of the record on appeal. It is all the more inexcusable that even after plaintiff's motion to dismiss informed defendants of their failure to have filed any report of proceedings, they still failed to ascertain the actual state of the record on appeal in order to take any steps possible to cure the defects therein. It was the duty and obligation of the defendants, as appellants, to take all necessary steps to insure that a proper record was prepared. (*Heritage Shelter Care Home, Inc. v. Miller*, 31 Ill. App. 3d 700, 334 N.E.2d 355; Seidenfeld, *Professional Responsibility Before Reviewing*

*Courts*, 25 DePaul L. Rev. 264, 272 (1976).) Even assuming *arguendo*, as urged by defendants, that the joint stipulation of facts is now properly before us, it itself fails to contain enough evidence to permit a review of the issues presented. Supreme Court Rule 323(a) requires that the report of proceedings "shall include all the evidence pertinent to the issues on appeal." We cannot review the findings of the lower court absent a record of the testimony presented to it. In fact, without such a record we must presume that the evidence supported the court's judgment. (*Union Oil Co. v. Lang*, 132 Ill. App. 2d 658, 270 N.E.2d 609.) Having failed to timely file a duly certified report of proceedings and having presented an incomplete record on appeal, a dismissal of defendants' appeal is appropriate and thus plaintiff's motion to dismiss the appeal is granted.

■ We, however, wish to additionally comment on defendants failure to file excerpts from the record. Contrary to this court's order of July 20, 1978, setting forth a fair timetable for the filing of the designation of excerpts, cross-designation, and of the excerpts so designated, defendants filed only their designation of excerpts. In it, they included not only the designations but also quoted material from the record intended to represent the excerpts themselves. In so doing, they jumped the gun, so to speak, by failing to wait for any cross-designations by plaintiff which defendants would have had to include in their bound volume of excerpts. Moreover, defendants failed to comply to the form required by Supreme Court Rules 342 and 344. Even were the record on appeal to have been complete, a failure to file sufficient and proper excerpts or abstract, or to have been excused therefrom for good cause shown, may itself warrant a dismissal of an appeal. *Freeman v. Augustine's, Inc.*, 46 Ill. App. 3d 230, 360 N.E.2d 1245; *Shaw v. Kronst*, 9 Ill. App. 3d 807, 293 N.E.2d 153.

For the foregoing reasons, this appeal from the judgment entered by the circuit court of Jackson County is dismissed.

Dismissed.

JONES and KARNS, JJ., concur.