MOHAWK MEDICAL CENTER, INC., Plaintiff-Appellant, *v.* ARTHUR F. QUERN, Director of the Department of Public Aid, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 79-1339

Opinion filed June 4, 1980.

Gordon, Schaefer & Gordon, Ltd., of Chicago (Gilbert W. Gordon, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Ellen P. Brewin, Special Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Illinois Department of Public Aid, terminated the eligibility of plaintiff, Mohawk Medical Center, Inc., as a vendor of medical goods and services under the Medical Assistance Program. The basis of the department's decision was plaintiff's failure without good cause to attend the administrative hearing on the matter. The circuit court of Cook County affirmed the department's decision as not being contrary to the manifest weight of the evidence, and plaintiff appeals.

On April 10, 1978, the department informed the plaintiff pharmacy that it intended to terminate plaintiff's eligibility because it refused to allow the department to audit it and because plaintiff's corporate officer, Alan Hartzman, was administrator of a medical center at the same location which treated narcotics addicts without a license. Plaintiff requested a hearing, and it was set for May 8, 1978.

On that date, plaintiff's counsel appeared without Hartzman. The department had informed plaintiff that it wished to call Hartzman as an adverse witness, but counsel instructed him not to appear. The hearing officer rescheduled the hearings for June 12 and June 19, 1978; these dates were selected to accommodate plaintiff's counsel. The hearing officer asked plaintiff's counsel to produce Hartzman, and instructed counsel to notify her if counsel would be unable to attend.

On June 12, 1978, neither plaintiff's counsel nor Hartzman appeared. After a considerable wait, counsel for the Department telephoned plaintiff's counsel's office and was told by the secretary she did not know where counsel was. The hearing officer then heard from two witnesses presented by the department.

On June 13, 1978, plaintiff's counsel filed a motion with the hearing officer to vacate all orders of the previous day. The motion recited that department counsel knew plaintiff's counsel wished a continuance, and had agreed to schedule another date. Counsel also stated that on June 12 he was scheduled to commence trial in Waukegan in the matter of *Larsen v. Libertyville*, but the matter did not proceed.

On July 13, 1978, the hearing officer rendered her memorandum decision finding that plaintiff had failed to appear without good cause at the hearing and that accordingly under department rules, the notice of termination had become a final and binding administrative decision. In her memorandum, the hearing officer stated that department counsel denied being contacted by plaintiff's counsel prior to the June 12 hearing. The hearing officer also rejected plaintiff's counsel's explanation for his nonattendance, and stated that certified copies of the court orders entered in the Waukegan matter indicated that the case was never scheduled for trial on June 12. The hearing officer further stated that in any case plaintiff's counsel never contacted her prior to June 12 to request a continuance. The hearing officer concluded by stating that the scheduling problems appeared to be aimed at keeping Hartzman from testifying until all the other witnesses had testified.

On August 1, 1978, plaintiff asked the hearing officer to reconsider her decision. Attached to the motion were affidavits from plaintiff's counsel and Mr. John D. Hayes, opposing counsel in the Waukegan case. Plaintiff's counsel stated that he was in Waukegan on June 12 but that the trial had not gone ahead. Hayes stated that the case was set for trial on June 12 but had been continued due to pending motions. The hearing officer did not reconsider her original finding, but responded that she had no further part in the proceedings after she provided her decision to the department director and the two attorneys.

Plaintiff thereupon sought judicial review. After reviewing the record, the trial court held that the department had discretion about continuances and the right to control its calendar. The court ruled that the department's decision was not contrary to the manifest weight of the evidence and upheld it.

Plaintiff contends that the refusal of the hearing officer to vacate her finding that plaintiff failed to appear at the hearing without good cause constituted an abuse of discretion and deprived it of due process. In support of its position, plaintiff has cited several cases in which the courts have held the hearing officer's refusal to grant a continuance constituted an abuse of discretion. (See, *e.g.*, *Brown v. Air Pollution Control Board* (1967), 37 Ill. 2d 450, 227 N.E.2d 754; *Ullmen v. Department of Registration & Education* (1978), 67 Ill. App. 3d 519, 385 N.E.2d 58.) In each of those cases, however, the parties had sought a continuance from

the administrative agency prior to the hearing. In the present case, plaintiff never requested a continuance and then failed to attend the scheduled hearing. There was an absolute failure by plaintiff to contact the hearing officer before the hearing, and the hearing officer did not abuse her discretion in finding that plaintiff failed to appear without good cause.

■■ Plaintiff's counsel subsequently maintained he had an agreement with department counsel to continue the matter, but department counsel denied this claim and it was specifically rejected by the hearing officer in her decision. In any event, communication or agreement with opposing counsel is not controlling; requests for continuance must be addressed to the court or agency. (See *Nixon v. Harris* (1975), 31 Ill. App. 3d 204, 333 N.E.2d 667.) We note that June 12 was set specifically to accommodate plaintiff; yet, on that date neither its counsel nor representative appeared. The subsequent affidavits filed by plaintiff's counsel regarding the Waukegan trial were vague and, of course, do not explain plaintiff's failure to request a continuance prior to the hearing. In connection with the Waukegan matter, plaintiff suggests some impropriety on the part of the hearing officer in obtaining the certified copies of the court orders entered in the Waukegan action. While the action of the hearing officer was *ex parte*, it was limited to obtaining documents available to all persons. We do not view it as improper or warranting reversal. See *Nixon v. Harris.*

■■■ In finding that plaintiff failed to attend the hearing without good cause, the hearing officer complied with Department rules and with due process. Rule 9.61 of the Medical Vendor Proceeding Rules of the department governs the subject of postponement of hearings and provides as follows:

> "If the vendor without good cause fails to appear at the hearing of formal conference scheduled by the Department, the Department's action or decision and the grounds asserted as the basis therefore shall be a final and binding administrative decision."

In *Scheffki v. Board of Fire & Police Commissioners* (1974), 23 Ill. App. 3d 971, 320 N.E.2d 371, this court, at page 973, used language pertinent here: "There is general agreement that reviewing courts should accord substantial discretion to administrative agencies in the construction and application of their rules, interfering only if a body's interpretation is plainly erroneous or inconsistent with long-settled construction." And it is equally well settled that an administrative agency possesses broad discretion in determining whether to allow a delay or a continuance in the proceeding before it. (*Fender v. School District No. 25 Arlington Heights* (1976), 37 Ill. App. 3d 736, 347 N.E.2d 270.) The hearing officer's

conclusion that plaintiff absented itself from the hearing without good cause is amply supported by the evidence. Plaintiff never requested a continuance and never offered an acceptable reason for not doing so. The trial court correctly found that the department rules were reasonable and that the department must have the right to control its calendar. The court properly upheld the department's decision.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SIMON and RIZZI, JJ., concur.