MOTHER EARTH, LTD., *et al.*, Plaintiffs-Appellants, *v.* STRAWBERRY CAMEL, LTD., *et al.*, Defendants-Appellees.

First District (1st Division)    No. 80-997

Opinion filed July 20, 1981.

Karen L. Hamity and Patrick T. Murphy, both of Goldberg & Murphy, of Chicago, for appellants.

Anthony J. Pauletto, of Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago, for appellees.

Mr. PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal from an order of the circuit court granting defendants a new trial on all the issues, in an action for fraudulent misrepresentation allegedly made in connection with the sale of a nightclub, after a jury returned a verdict for plaintiffs in the amount of $120,000. The issues presented for review are: (1) whether the trial court abused its discretion in granting a new trial on all the issues, rather than on the issue of damages alone, and (2) whether instructions to the jury on plaintiffs' burden of proof necessitated a new trial where defendants did not object to the instructions until after the verdict of the jury. Defendants filed a motion to dismiss the appeal or summarily affirm the order of the trial court on the grounds that the record filed on appeal does not contain a transcript of the evidence presented at trial. Defendants' motion has been taken with the appeal.

For the reasons set forth herein the order of the circuit court is affirmed.

The facts giving rise to this cause are extensively reported in the previous case, *Mother Earth, Ltd. v. Strawberry Camel, Ltd.* (1979), 72 Ill. App. 3d 37, 390 N.E.2d 393, and only a summary of the facts is required for purposes of this appeal. Plaintiffs filed suit against defendants alleging that on January 15, 1974, they entered into a purchase agreement for the purchase of a nightclub from defendants called the "Strawberry Camel" in reliance on allegedly fraudulent misrepresentations made by Dale Yates, the owner of the nightclub, that the gross monthly income of the business averaged $20,000, while the monthly operating expenses averaged $10,000, and that defendants owned the business assets, fixtures, and liquor license, and had the power and authority to sell or assign the same to the plaintiffs. Plaintiffs also claim that Yates induced them to form a corporation, and to place their homes in land trusts, pledging their interests in the trusts to Yates to secure payment of the purchase price. Plaintiffs allegedly lost money on the operation of the business and sued defendants for damages. Before submitting the case to the jury for deliberation the court conducted two conferences on instructions, and a transcript was made of the second conference which incorporated matters discussed at the first conference. The transcript from the second conference disclosed that plaintiffs'

Instruction No. 10 and plaintiffs' Instruction No. 12, referred to in the transcript as "Court's (Instruction) No. 2, based on IPI 21.02, burden of proof," were accepted without objection, while plaintiffs' Instruction No. 13 concerning damages was allowed over defendants' objection. The jury returned a verdict for plaintiffs in the amount of $120,000, and the defendants filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. After a hearing the motion for a new trial was allowed. Plaintiffs filed a petition for leave to appeal the order granting a new trial, and defendants filed a motion to dismiss the appeal or summarily affirm the order on the grounds that the record filed on appeal does not contain a transcript of the evidence presented at trial. Plaintiffs' petition was allowed, and defendants' motion was taken with the case.

Defendants contend that this appeal should be dismissed, or the order granting a new trial summarily affirmed because plaintiffs have failed to file a report of proceedings containing the testimony at trial pursuant to Supreme Court Rule 306(b), which states in pertinent part:

> "The record on appeal shall consist of whatever is necessary to present the questions for review and shall be filed with the petition." (Ill. Rev. Stat. 1979, ch. 110A, par. 306(b).)

(See also *Winokur, Ltd. v. Shane* (1980), 89 Ill. App. 3d 551, 411 N.E.2d 1142; *Angel v. Angelos* (1976), 35 Ill. App. 3d 905, 342 N.E.2d 748; *Lill Coal Company v. Bellario* (1975), 30 Ill. App. 3d 384, 332 N.E.2d 485.) Defendants urge that since the scope of review on appeal from orders of the circuit court granting new trials is not limited to the propriety of the order granting a new trial, but extends to a review of all rulings of the trial court on the post-trial motion, review of the instant case includes review of the trial court's denial of defendants' motion for judgment notwithstanding the verdict, and such a review requires a complete transcript. (Ill. Rev. Stat. 1979, ch. 110A, pars. 306, 366; *Ladenheim v. McCormick* (1978), 66 Ill. App. 3d 188, 383 N.E.2d 751; *Turner v. Commonwealth Edison Co.* (1978), 63 Ill. App. 3d 693, 380 N.E.2d 477.) Defendants also claim that where there has been a failure to file a complete report of proceedings, dismissal of the appeal, or affirmance of the trial court is appropriate because, absent a record of the testimony presented below, the reviewing court must presume that the evidence supported the court's judgment. *Winokur v. Shane*; *Ladenheim v. McCormick*; *Di Maso v. Wieboldt Stores, Inc.* (1976), 37 Ill. App. 3d 966, 347 N.E.2d 466; *Angel v. Angelos*; *Lill Coal Co. v. Bellario*.

Plaintiffs contend that even without a review of the entire record, on the basis of facts alleged in defendants' post trial motion alone, the record reflects a rational and reasonable basis for the jury's verdict. Plaintiffs urge that the only reason the court ordered a new trial was because it

found the damages awarded to be excessive; they claim that the amount of damages was not excessive, was supported by the record, and in the alternative, that if not supported by the record, then the court should have ordered a new trial on the issue of damages alone, or ordered a remittur. On this question of the record, the trial court stated in part:

"All right. Well, I have spent a great deal of time on this matter going through the record which is voluminous * * * Nevertheless, as I evaluate from all standpoints what the appropriate ruling to make on this matter is, one of the simplemost-telling facts is that the record itself is loose, confused, and had evidence which is often times opinion-speculative, [and] unsupported * * *

Other than what would appear to this Court to be considerable and inordinate over weaning the amount of sympathy that the jury may have or did have for the blind Plaintiff and for the very unhappy economic circumstances they found themselves in.

I don't see any basis in the fact on the course of the trial for the finding of these damages and not being able to rationally and reasonably being able to determine a lesser amount. I pass the opportunity for a demurrer and grant the motion for a new trial."

We are not persuaded that the above remarks are confined solely to the issue of damages as plaintiff suggest, and if so, the trial court could have granted a new trial on this basis alone. Nor do we agree with plaintiffs that defendants' post-trial motion is an acceptable substitute on appeal for a complete transcript of the trial, and we observe that a complete report of proceedings has not been filed with this appeal as may have been required by Supreme Court Rules 306 and 323 (Ill. Rev. Stat. 1979, ch. 110A, pars. 306, 323), to present the questions for review under the facts and circumstances of this case. Absent the opportunity to review pertinent testimony and the record in this case, we have no basis on which to concur with plaintiffs' position. (See *Elberts v. Nussbaum Trucking, Inc.* (1981), 97 Ill. App. 3d 381, 422 N.E.2d 1040.) We therefore agree with the defendants that the record filed on appeal is insufficient to review the questions urged on appeal, and equally insufficient to review all rulings of the trial court on the post-trial motion.

A review of the record before us indicates that the trial court had before it defendants' motion for judgment notwithstanding the verdict and in the alternative defendants' motion for a new trial. Such a motion required the court to evaluate the entire record, and we observe from the comments of the trial judge during the hearing on this motion, that the court apparently did evaluate the entire record. The court stated that it had "spent a great deal of time on this matter going through the record

which is voluminous," and that "the record itself is loose, confused, and has evidence which is oftentimes opinion-speculative, [and] unsupported." These comments appear to be observations pertaining to the entire record and not limited to the two issues raised by plaintiffs on this appeal, and as such, they cast doubt on the entire record. Since the entire record is not before this court for review, we must presume that the proof presented below was sufficient to support the trial court's decision to order a new trial on all the issues. *Winokur v. Shane; Nenadic v. Grant Hospital* (1979), 75 Ill. App. 3d 614, 394 N.E.2d 527; *Ladenheim v. McCormick; Angel v. Angelos.*

For the foregoing reasons the order of the circuit court is affirmed, and this matter is remanded to the circuit court of Cook County for further proceedings.

Affirmed and remanded.

McGLOON and O'CONNOR, JJ., concur.