ALBERT S. TEITELBAUM, Plaintiff-Appellee, *v*. RELIABLE WELDING CO.,
Defendant-Appellant.

Second District   No. 81-638

Opinion filed May 10, 1982.—Rehearing denied June 14, 1982.

Kusper & Raucci, Chartered, of Chicago (Michael P. McClelland, of counsel), for appellant.

William Linkul, of Glen Ellyn, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

The defendant, Reliable Welding Co., appeals from an *ex parte* judgment against it for $6,867.50 in favor of the plaintiff, Albert S. Teitelbaum, and dismissal of defendant's counterclaim, and the trial court's order denying its motion to vacate that judgment. The defendant raises three issues on appeal: (1) that the trial court erred in refusing to grant defendant a continuance of the trial date and in entering judgment against it; (2) that the court below erred in denying defendant's motion to vacate the judgment; and (3) that the trial court improperly denied its motion to transfer venue in this cause from Du Page County to Cook County.

On August 14, 1979, the plaintiff filed a complaint against defendant

in which he alleged that he had performed certain drafting services for the defendant in connection with the construction of two buildings on Wacker Drive in Chicago; that the defendant owed him $13,107 for the services performed but had only made payments in the amount of $6,239.50; and that the defendant was still indebted to him in the sum of $6,867.50.

Defendant, which was served with summons on August 21, 1979, entered its appearance on September 6, 1979. Approximately three weeks later, on September 28, 1979, defendant filed a motion to transfer the cause from Du Page County to Cook County, where it maintained venue was proper. Subsequently, the hearing on the motion to transfer venue was continued on three occasions apparently by agreement of the parties, until March 14, 1980. On March 14 the plaintiff was granted leave to substitute attorneys, and the venue question was further continued until April 8, 1980. Then, on April 8 the hearing concerning the venue issue was continued for a fifth time. On that occasion, counsel for the plaintiff represented to the court that defense counsel wished to continue the hearing on the transfer of venue matter and that he had no objection to a short continuance. Accordingly, the court continued the matter to May 2, 1980. On May 2, the defendant apparently entered a tardy appearance after the court had passed the venue matter and after counsel for the plaintiff had departed the courthouse. The motion to transfer venue was again continued, this time until May 23, 1980. On that date the court conducted a full hearing on the motion to transfer venue, denied the motion, and gave the defendant 35 days to answer or otherwise plead. The record on appeal, however, does not include a transcript or bystander's report of the May 23, 1980, hearing.

On July 10, 1980, the plaintiff moved for and obtained an order of default against defendant for its failure to file an answer or otherwise plead within the 35-day limit which the court had earlier set, and the cause was continued to July 30, 1980, for a prove-up on the issue of the plaintiff's damages. In the interim, on July 16, 1980, new counsel filed a motion in which it sought: (1) to vacate the default judgment; (2) leave to file a substitution of attorneys; (3) leave to file its answer instanter; and (4) leave to file a counterclaim within 28 days. The court granted the motion in all respects on July 16.

In its answer, defendant denied that plaintiff had successfully performed the architectural services it had requested in that plaintiff failed to complete the project. In its counterclaim, defendant alleged that plaintiff negligently and wrongfully failed to provide architectural drawings in accordance with the specified structural design requirements; that as a result of this failure, defendant fabricated materials in dimensions not

appropriate for the construction project; and as a consequence of the "misfabrication," defendant had to expend over $28,311.38 to correct the defects which plaintiff caused.

Plaintiff sent notice to defendant on January 22, 1981, that he would appear in court on January 28, 1981, and move for a definite trial date. On January 28, the court set the matter for trial at 1:30 p.m. on May 8, 1981. It is not disputed that defendant's attorney was thereafter notified of this trial date. It also should be noted that prior to this date interrogatories and requests for admissions of facts were filed and answered, documents requested, and a bill of particulars filed and answered.

On May 6, 1981, counsel for the defendant, Michael P. McClelland, of Kusper & Raucci, Chartered, telephoned counsel for the plaintiff, William F. Linkul, to inform Linkul that he was unable to be in court in Du Page County on May 8, 1981, because he had been ordered by the Cook County Circuit Court to act as an arbitrator in another matter. McClelland told Linkul that the attorney in the law firm who had been handling defendant's case had left the law firm, and on May 6, the firm realized that the matter was coming to trial and he was reassigned to the case. McClelland asked Linkul to inform the court of these circumstances and request a continuance. Linkul replied that he would so inform the court, but he would also answer ready for trial on behalf of the plaintiff. On May 6, McClelland also contacted by telephone the secretary of the judge who was handling the case to inform her of the same circumstances. He requested that she relate this to the judge and inform the judge that he, McClelland, would not appear for trial on May 8, 1981.

On May 8, 1981, counsel for plaintiff appeared for the scheduled trial date, whereas neither defendant nor his counsel appeared. At that time Linkul advised the court of the telephone call from McClelland. Linkul also informed the court that he had told McClelland he would convey the substance of McClelland's remarks to the court but that he would answer ready for trial on behalf of the plaintiff and that he believed McClelland was risking the entry of a default judgment by not appearing on May 8 because the Du Page County court does not take as casual an approach to continuing cases as McClelland may be used to in Cook County. When plaintiff answered ready for trial, the court entered an order of default against defendant. After a prove-up of plaintiff's case and testimony concerning his damages, the court entered judgment in his favor and against defendant in the sum of $6,867.50 and dismissed with prejudice defendant's counterclaim.

Subsequently, on May 29, 1981, defendant filed an unverified motion to vacate the default judgment. An identical, verified motion was filed on June 9, 1981. This verified motion signed by Attorney McClelland, stated in pertinent part that the attorney previously responsible for handling this

case was no longer employed by the law firm; that due to inadvertence, the case was not assigned to him until May 6, 1981, two days prior to the trial; that he was assigned to act as an independent arbitrator in the case of Thompson v. Coronet Insurance Co. and that he was scheduled to conduct the arbitration hearing in that case at the law firm's office on May 8, the same day of the trial in the present case; that on May 6 he informed counsel for the plaintiff of the prior legal conflict and his inability to proceed to the trial; that he called the trial judge's office on May 7 and related to the judge's secretary the "misassignment" of the case in the law firm's office, the fact that he was previously engaged on May 8, that counsel for plaintiff had been informed and had no objection to a continuance, and in response to her informing him that someone would have to appear before the judge on May 8 and request the continuance, informed her that the plaintiff's attorney had agreed to do so; and that the cause cannot be tried until plaintiff's deposition has been conducted. Plaintiff filed an objection to the motion which was accompanied by an affidavit of his attorney and a memorandum of law. The affidavit by Attorney Linkul *inter alia* stated that from January 28, 1981, to the trial date no depositions were requested by defendant; that he informed Attorney McClelland that Rule 231(f) was strictly adhered to in Du Page County and the chances were good that the matter would proceed to trial on May 8; that contrary to McClelland's affidavit, he did not state he had no objection to a continuance, but would respond, if asked by the court, "ready for trial"; and that he told McClelland that if no one appeared for defendant, the court would default defendant and might proceed to prove up damages. Defendant then filed a response to plaintiff's objection. On July 15, 1981, the court entered a written memorandum of decision in which it denied defendant's motion to vacate the default judgment. In its memorandum of decison denying the defendant's motion to vacate the default judgment, the trial court stated that it found no authority for presenting motions for continuance by means of the telephone or through opposing counsel and that, consequently, the defendant had not presented the court with an appropriate motion for a continuance. A week later, on July 22, 1981, the court entered an order in accordance with its written memorandum of decision. Thereafter, the court denied another motion filed by defendant which sought to set aside the order of July 22 and for rehearing on defendant's original motion to vacate the judgment.

The defendant's first contention on appeal is that, contrary to the trial court's conclusion, its communication with the plaintiff's attorney, Linkul, and Linkul's subsequent explanation to the court on the day of trial that defense counsel was presently engaged in an arbitration hearing, as well as the defendant's May 7 telephone call to and conversation with the

judge's secretary, constituted a motion for a continuance, the denial of which was an abuse of discretion.

■■ Section 59 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 59) provides in part:

> "§59. Extension of time and continuances. On good cause shown, in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment.
>
> The circumstances, terms and conditions under which continuances may be granted, the time and manner in which application therefor shall be made, and the effect thereof, shall be according to rules."

Supreme Court Rule 231(f) (73 Ill. 2d R. 231(f)) provides:

> "(f) Time for Motion. No motion for the continuance of a cause made after the cause has been reached for trial shall be heard, unless a sufficient excuse is shown for the delay."

There is no duty imposed upon a trial court to continue a case when no request for a continuance has been made. (*Thilman & Co. v. Esposito* (1980), 87 Ill. App. 3d 289, 293, 408 N.E.2d 1014; *Francone v. Weigel Broadcasting Co.* (1979), 79 Ill. App. 3d 991, 994, 398 N.E.2d 1114.) While a request for a continuance sought because of the absence of material evidence under Supreme Court Rule 231(a) (73 Ill. 2d R. 231(a)) requires that an affidavit accompany the motion (*Mann v. People* (1981), 98 Ill. App. 3d 448, 424 N.E.2d 883), there is no similar mandatory affidavit requirement for a continuance upon other grounds pursuant to Rule 231(f), although sufficient cause normally will be presented by affidavit or testimony. (See, *e.g., Marshall v. Henning* (1980), 91 Ill. App. 3d 180, 182, 414 N.E.2d 529; *Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 358-59, 366 N.E.2d 327; *Nixon v. Harris* (1975), 31 Ill. App. 3d 204, 333 N.E.2d 667.) The moving party must give especially grave reasons for continuance once a case has reached the trial stage because of the potential inconvenience to the witnesses, the parties and to the court. (*Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 358, 366 N.E.2d 327.) The critical issue before us here is whether the defendant made a proper request for continuance to the court.

Defendant relies principally upon *Johnson v. Safeway Insurance Co.* (1975), 29 Ill. App. 3d 520, 331 N.E.2d 155, and *Tamimie v. City of Galesburg* (1977), 50 Ill. App. 3d 843, 365 N.E.2d 1177, to support its contention that a proper request for continuance was made in the case at bar. Plaintiff cites *Nixon v. Harris* (1975), 31 Ill. App. 3d 204, 333 N.E.2d 667, as authority that defendant failed to properly bring to the court's attention a motion for continuance. While we believe that the decisions in *Johnson v. Safeway Insurance Co.* and *Nixon v. Harris* are apposite and

appear to be in conflict, we do not find that the court in *Tamimie* directly addressed or ruled on the precise issue presented here, *i.e.*, whether a motion for continuance is properly made under the circumstances here when communicated through opposing counsel or by telephone to the court's secretary. Rather, the court in *Tamimie* only held that the motion for continuance made during a telephone conversation with the trial judge failed to set forth adequate grounds for a continuance and the denial of the continuance motion was not an abuse of discretion.

■■ In both *Johnson v. Safeway Insurance Co.* (1975), 29 Ill. App. 3d 520, 331 N.E.2d 155, and *Nixon v. Harris* (1975), 31 Ill. App. 3d 204, 333 N.E.2d 667, the appellate court reached opposite conclusions of whether a court should consider a motion for continuance made through opposing counsel. In *Johnson v. Safeway Insurance Co.* the court held:

> "While it is unclear as to which attorney was to present the request for a continuance to the court, it is certain that on September 25, 1972, plaintiff's attorney appeared and explained that defense counsel was presently engaged in trial before another court. Being so advised, we feel that it was incumbent upon the trial court to construe this explanation as a request from defendant for a continuance and to grant such continuance in accordance with Circuit Court Rule 6.1(a)." (29 Ill. App. 3d 520, 522, 331 N.E.2d 155.)

In *Nixon v. Harris* the court found:

> "We initially note that defendant failed to properly bring to the court's attention his engagement in another matter. No notice or motion for continuing the case was filed, nor was an affidavit submitted setting forth facts which would justify a continuance. Defendant's 'motion' was related by plaintiff's attorney who informed the court that one of defendant's attorneys had requested a continuance because he was purportedly engaged in another court. We think it is clear that under the Civil Practice Act, the Supreme Court Rules and the Rules of the Circuit Court, a litigant who seeks a continuance on the grounds here asserted, must not only properly move the court but must submit by affidavit or otherwise, competent support for the factual allegations contained in the motion. (See Ill. Rev. Stat. 1969, ch. 110, par. 59; Ill. Rev. Stat. 1969, ch. 110A, par. 231; Rules of the Circuit Court of Cook County, par. 6.1(a); see also *Dornan v. Buckley*, 119 Ill. App. 523; *Parker v. Newman*, 10 Ill. App. 3d 1019, 295 N.E.2d 503.) Not having properly or seasonably shown her entitlement thereto, defendant's reliance on Circuit Court Rule 6.1(a) is misplaced." (31 Ill. App. 3d 204, 207-08, 333 N.E.2d 667.)

We follow the decision in *Nixon v. Harris* and believe that both section 59

of the Civil Practice Act and Rule 231(f) are applicable herein and require the litigant who seeks a continuance to move the court for a continuance supported by competent evidence for the motion. Indeed, to sanction the approach suggested by defendant and to allow opposing counsel to move for continuance on behalf of the absent counsel, would place the attorneys themselves in potentially conflicting positions as to precisely what they agreed to. In fact, this has occurred in the case at bar as demonstrated by the subsequent conflicts in the attorneys' affidavits. Moreover, the court alone determines whether a continuance will be granted and can properly deny such a motion even if agreed upon by both the litigants. (See *Mohawk Medical Center, Inc. v. Quern* (1980), 84 Ill. App. 3d 1026, 1029, 406 N.E.2d 839.) For these and other good reasons, we conclude that defendant's request here for a continuance through the plaintiff's attorney was not properly made.

■■ Nor do we believe that the telephone call to the judge's secretary the day before trial under the circumstances here can be considered a proper motion for continuance. As stated above, we do not feel that either the statute or the pertinent rule contemplates such a practice. The approval of telephone requests for continuance would create an improper and unworkable burden upon the court and opposing counsel. Under the facts before us, defendant's counsel admittedly learned of the trial date on May 6, two days before the case was set for trial. Sufficient time was present for counsel to appear before the court with a proper motion for continuance. Moreover, the record reveals that there are other attorneys in defendant's counsel's law firm who either could have handled the case or appeared on May 8 with the appropriate motion for continuance. Thus, under these circumstances, the trial court correctly concluded that there was no motion for continuance before him. While we can envision an emergency situation which might occur where it is impossible to make the motion in the manner contemplated by statute and rule, such is not the case before us. Accordingly, we conclude that the court did not err in its ruling that no motion for continuance was before it and subsequently proceeding to a hearing and judgment.

■■ Next, we consider defendant's second contention that the trial court should have granted its motion to vacate the order of default and judgment order. First, we observe that the trial court entered an order of default against defendant and proceeded to a hearing in which it found the evidence in favor of the plaintiff and entered judgment in the amount of $6,867.50 for plaintiff and dismissed defendant's counterclaim for want of prosecution. It is clear that a default judgment can only be entered for want of an appearance or failure to plead. (*Ryan v. Bening* (1978), 66 Ill. App. 3d 127, 131, 383 N.E.2d 681; *Bland v. Lowery* (1976), 43 Ill. App. 3d 413, 419, 356 N.E.2d 1318.) Thus the procedure here where an answer was

on file but the defendant did not participate in the hearing is an *ex parte* trial. (See *Dils v. City of Chicago* (1978), 62 Ill. App. 3d 474, 479-80, 378 N.E.2d 1130.) Nevertheless, in the instant case the trial court heard evidence on both liability and damages at the May 8 proceeding and its inaccurate terminology as an order of default does not affect the otherwise valid judgment for plaintiff.

■■ While defendant's post-trial motion was labeled a "motion to vacate order of default and judgment order," we deem that it was timely filed within 30 days of judgment as a motion pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 50(5)) to "set aside any final order or judgment upon any terms and conditions that shall be reasonable." Under this section, it is no longer necessary that such relief be sought on the precise grounds that there is a meritorious defense and a reasonable excuse for not having timely asserted such a defense. The overriding consideration now is whether or not substantial justice is being done between the litigants and whether it is reasonable under the circumstances, to compel the other party to go to trial on the merits. (*People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 406, 270 N.E.2d 841; *Francone v. Weigel Broadcasting Co.* (1979), 79 Ill. App. 3d 991, 996, 398 N.E.2d 1114.) The reviewing court need not determine, as a matter of law, that the trial court abused its discretion, but only resolve the question of whether justice has been served. (*Patrick v. Burgess-Norton Manufacturing Co.* (1976), 63 Ill. 2d 524, 349 N.E.2d 52.) Although the courts are liberal in setting aside judgments under 50(5), relief is not automatic. (*Plantaric v. Michaels* (1981), 98 Ill. App. 3d 154, 157, 424 N.E.2d 64.) The existence of a meritorious defense and due diligence while no longer a requirement, are factors to be considered in determining whether justice is being done. *Francone v. Weigel Broadcasting Co.; Ruggiero v. Attore* (1977), 51 Ill. App. 3d 139, 143, 366 N.E.2d 470; *Hoffman v. Hoffman* (1976), 37 Ill. App. 3d 415, 417, 346 N.E.2d 114.

■■ Turning to the case at bar, we believe it would be completely unreasonable and not in the interest of substantial justice under the record here to go back and try the case on its merits. As we have previously indicated, defendant's counsel's failure to properly move for a continuance before trial or appear at trial shows a lack of due diligence. Nor does his counsel's affidavit indicate why no one from his firm could not have appeared prior to trial or at trial to either move for a continuance or conduct the trial. Generally, a client has a responsibility to select counsel who will diligently represent him. (See, *e.g., Marshall v. Henning* (1980), 91 Ill. App. 3d 180, 184, 414 N.E.2d 529; *Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 483-84, 386 N.E.2d 284; *Roberts v. McDaniel* (1959), 22 Ill. App. 2d 485, 490, 161 N.E.2d 47.) Here, not only did counsel fail to appear at trial but also previous counsel failed to plead to the complaint and defendant was

defaulted, although this was later vacated. In addition, we do not believe defendant's attorney was diligent in prior court hearings in view of his failure to attend the trial setting and his conduct in causing several continuances of the hearing on the motion to transfer venue. If we allow the judgment herein to be vacated again under these circumstances, Rule 231(f) would have little meaning. (See *Marshall v. Henning*.) Plaintiffs as well as defendants are also entitled to have justice served. (*Baltz v. McCormick* (1978), 66 Ill. App. 3d 76, 78, 383 N.E.2d 643.) We have considered the cases cited by defendant where reviewing courts have found that substantial justice requires a vacation of the judgment. However, we conclude that those cases present different factual circumstances and are not compelling here. We see no just reason to vacate the judgment below and, under the facts in this record, approve the denial of the motion to vacate.

We also note that defendant has relied on Circuit Court Rule 8.01(a), a local administrative rule of Du Page County, in support of its right to a continuance. That rule provides that "[a] party shall be entitled to a continuance on the ground that his attorney is actually engaged in another trial or hearing, but only for the duration of the particular trial or hearing in which the attorney then is engaged." While several cases have held a similar local court rule as allowing a party a first continuance as a matter of right (*Hollywood Management Co. v. Andres* (1976), 41 Ill. App. 3d 823, 354 N.E.2d 601; *Johnson v. Safeway Insurance Co.* (1975), 29 Ill. App. 3d 520, 331 N.E.2d 155), those cases did not consider whether the rule was consistent with supreme court rules and statutes of this State which make the granting or denial of the motion for continuance within the sound discretion of the court. (See Ill. Rev. Stat. 1979, ch. 110, par. 59; 73 Ill. 2d R. 231; *Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 358, 366 N.E.2d 327.) Supreme Court Rule 21(a) (73 Ill. 2d R. 21(a)) permits a circuit court to adopt rules governing civil and criminal cases which are *consistent* with rules and statutes of the State. (See *People v. Schroeder* (1981), 102 Ill. App. 3d 133, 137, 429 N.E.2d 573.) Thus, while this local administrative rule cannot give a party a continuance as a matter of right, the fact that counsel is actually engaged in another trial is obviously to be accorded considerable weight. Nonetheless, here this excuse is outweighed by counsel's failure to properly bring this to the court's attention prior to trial and his failure to appear at trial or have another member of the firm appear at trial.

Defendant finally contends that the trial court improperly denied its motion to transfer venue. The record reveals that defendant filed a motion to transfer venue alleging it was a Delaware Corporation with its principal place of business in Cook County, that the transaction solely occurred in Cook County, and that great financial loss to it will result due

to the time that would be required of defendant to appear in Du Page County. The record also contains the order of the trial court denying the motion after "a full hearing thereon." The defendant has not favored us with a verbatim transcript of the evidence at the proceedings on the motion or any substitute thereof. See 73 Ill. 2d R. 323.

■■ The report of proceedings shall include all the evidence pertinent to the issues on appeal. (73 Ill. 2d R. 323(a); *Ladenheim v. McCormick* (1978), 66 Ill. App. 3d 188, 192, 383 N.E.2d 751.) It is the duty of the appellant to present a complete record on appeal so the reviewing court will be fully informed regarding the issues in the case. (*Brokerage Resources, Inc. v. Jordan* (1980), 80 Ill. App. 3d 605, 609, 400 N.E.2d 77; *Ladenheim v. McCormick* (1978), 66 Ill. App. 3d 188, 383 N.E.2d 751.) Any doubts arising from the incompleteness of a record will be resolved against the appellant. (*Tomlen Group, Ltd. v. Goldfarb* (1981), 101 Ill. App. 3d 154, 157, 427 N.E.2d 1047; *McCoy v. Board of Fire & Police Commissioners* (1979), 79 Ill. App. 3d 742, 743, 398 N.E.2d 1020.) Assertions of the evidence in an appellant's brief, as are contained here, cannot serve as a substitute for a report of proceedings in compliance with Supreme Court Rule 323 (73 Ill. 2d R. 323; see *Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 329 N.E.2d 550). In the absence of a report of proceedings it will be assumed that that trial court heard adequate evidence to support its order. (*E. M. Melahn Construction Co. v. Village of Carpentersville* (1981), 100 Ill. App. 3d 544, 550, 427 N.E.2d 181; *Mother Earth, Ltd. v. Strawberry Camel, Ltd.* (1981), 98 Ill. App. 3d 518, 424 N.E.2d 758.) Our review is limited to the record presented on review (*In re Marriage of Melton* (1981), 93 Ill. App. 3d 338, 342, 417 N.E.2d 220), and the order denying the motion to transfer venue indicates a full hearing was conducted on the motion. Given the failure of the appellant to provide us with a record of the evidence at the hearing upon which the trial court based its decision, we are unable to review the correctness of the order denying the motion to transfer venue and affirm the ruling below.

For the foregoing reasons the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

NASH and LINDBERG, JJ., concur.