**Miliana M. NICOLAE, M.D.**

v.

**MIRIAM HOSPITAL.**

No. 2003–516–Appeal.

Supreme Court of Rhode Island.

May 13, 2004.

---

5. This is a case that should have been resolved through mediation.

Thomas Dickinson, Esq., Providence, for Plaintiff.

Robert P. Landau, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

This appeal seeks to overturn a summary judgment that the Superior Court entered in favor of the defendant, Miriam Hospital (hospital), after the plaintiff, Miliana M. Nicolae, M.D., failed to appear at a scheduled court hearing on the motion. Pursuant to this judgment in favor of the hospital, the court dismissed her claims alleging, *inter alia*, employment discrimination, and the plaintiff has appealed to this Court. We ordered the parties to show cause why we should not decide this appeal summarily. Because they have not done so, we proceed to resolve the appeal at this time.

From June 19, 1997, until she tendered her resignation at the hospital's request on November 6, 1997, plaintiff, a native of Romania, briefly served as an intern in a residency program at the hospital. Thereafter, on February 16, 2000, plaintiff, who was pro se at the time, filed this Superior Court lawsuit against the hospital, alleging a potpourri of unlawful employment and discriminatory practices, including denial of equal employment and training opportunities, discrimination based on nationality and disability, reprisal, harassment, breach of contract, denial of due process, constructive discharge, forced · resignation, whistle-blower status, and defamation.

■■■ Ultimately, the Superior Court granted the hospital's motion for summary judgment. Although the hospital did not submit any affidavits to support its motion, it was not required to do so. *See* Super. R. Civ. P. 56(b) (allowing a defending party to move for summary judgment "with or without supporting affidavits"). Before the court granted the motion, the record shows that plaintiff never moved to strike (nor did she otherwise object to) the documents that the hospital submitted to support its motion for summary judgment. Not until she moved to vacate the order granting the motion—almost a year after the court entered the order—did she challenge the propriety of this evidence for the first time. Nor is there any indication that plaintiff brought any of the alleged evidentiary shortcomings in the hospital's supporting documentation—deficiencies, she says, that warrant reversal of the summary judgment—to the attention of the court before she moved to vacate the order. Indeed, in her written submissions to the court before it ruled on the hospital's motion for summary judgment, she relied on some of the same documents that the hospital submitted to support its motion. This Court will not consider an issue raised for the first time on appeal that a party did not present in a timely manner to the trial court. *E.g., Roe v. Gelineau,* 794 A.2d 476, 482 (R.I.2002). Consequently, we hold that plaintiff waived the right to challenge the propriety of this proffered evidence and the court's reliance on same to grant the motion.

■■■ Next, plaintiff argues that the motion justice erred in denying her telephone request for a continuance of the hearing date on the motion. She maintains that the court should not have proceeded to hear the hospital's summary-judgment motion in her absence. The court, she says, violated her due-process rights because it denied her the right to participate in a meaningful way in opposing the motion while she was out of the country. Indeed, she contends that her absence from Rhode Island "was a direct and proximate result of the Defendant's wrongful conduct underlying this action."

The hospital counters by averring that the motion justice properly denied plaintiff's belated *ex parte* request for a continuance. It points out that plaintiff informed the court by telephone a day or

two before the scheduled hearing that she would be unable to attend, without providing any legitimate explanation for her absence. The hospital suggests that—given plaintiff's eleventh-hour request for a new hearing date—the court properly rejected it, especially when she communicated with the motion justice on an *ex parte* basis by calling him on the telephone, instead of filing and serving a proper written motion. The hospital maintains that plaintiff failed to offer any reasonable explanation or legitimate excuse for needing such a continuance of the long-scheduled hearing date or for proceeding in an *ex parte* manner to seek such relief. In any event, it insists that plaintiff sought this relief without filing a proper written motion, upon written notice provided to the other party, as the rules require. *See* Super. R. Civ. P. 7(b)(1) ("An application to the court for an order shall be by motion which, unless made during a hearing or trial or during the course of a deposition, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."); *see also* Super. R. Civ. P. 5(a) ("[E]very written motion other than one which may be heard ex parte * * * shall be served upon each of the parties.").

Moreover, even assuming, *arguendo*, that plaintiff had filed a timely and properly noticed motion for a continuance of the hearing date, "[i]t is well settled that '[a] motion for a continuance is addressed to the sound discretion of the trial justice, and his or her decision will not be overturned on appeal absent an abuse of discretion.'" *Perry v. Garey*, 799 A.2d 1018, 1024 (R.I.2002) (quoting *State v. Bruyere*, 751 A.2d 1285, 1287 (R.I.2000)). The difficulty inherent in managing trial-court calendars is so great, that we must give "the widest discretion * * * to calendar justices and trial justices in carrying out this enormously difficult function." *Boucher v. Galvin*, 571 A.2d 35, 37 (R.I.1990). Although a motion justice's decision to grant or deny a continuance may inconvenience a party, this alone does not rise to the level of a violation of due-process rights. *See Nicholson v. Buehler*, 612 A.2d 693, 698 (R.I. 1992).

■ Despite her tardy oral request for a different hearing date, plaintiff clearly received more than adequate advance notice of the hearing and an opportunity to appear and be heard. Indeed, on November 26, 2001, after the hospital moved for summary judgment, the court assigned a hearing date for the motion. This was almost four months before plaintiff's last-ditch attempt to put off the hearing. Under these circumstances, the Superior Court did not abuse its discretion in denying plaintiff's unsubstantiated oral request—via an *ex parte* telephone call to the motion justice—seeking a new hearing date virtually on the eve of that long-scheduled proceeding.[1] The motion justice

---

1. We are of the opinion that, under the non-emergent circumstances of this case, an *ex parte* telephone call to the motion justice a day or so before the scheduled hearing date was an inappropriate method for requesting that the hearing be rescheduled. As defendant points out, Rule 7(b)(1) of the Superior Court Rules of Civil Procedure requires that "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial or during the course of a deposition, shall be made in writing ." Although we can envision emergency or other extreme circumstances in which such an oral request might be considered—for example, when it is extremely impractical, if not altogether impossible, to submit a written motion—no such circumstances existed here. *Compare Christensen–Towne v. Dorey*, 802 A.2d 1010, 1012–13 (Me.2002) (holding that the trial court abused its discretion in failing to grant a continuance requested by telephone when the party requesting same was served with notice of the proceeding less than one hour before the hearing), *with Teitelbaum v.*

correctly advised her that, under the circumstances, he could not grant such an improper request unless she obtained the other side's agreement to it.

■ The plaintiff's final claim of error suggests that genuine issues of material fact existed that precluded the granting of a summary judgment. She alleges that, in its summary-judgment submission, the hospital included letters from physicians with whom she had worked, containing statements that were "highly complimentary" of her. She also argues that the hospital failed to identify any patient to whom she provided incompetent care, and that the hospital failed to offer any material facts of substance against her claims of discriminatory treatment.

■ In employment-discrimination cases, a burden-shifting evidentiary framework applies, see *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), one that "allocates burdens of production and orders the presentation of evidence so as 'progressively to sharpen the inquiry into the elusive factual question of intentional discrimination.'" *Center for Behavioral Health, Rhode Island, Inc. v. Barros*, 710 A.2d 680, 685 (R.I.1998) (quoting *Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1091 (1st Cir.1995)). Pursuant to *McDonnell Douglas* and its progeny, the employee bears the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. If the employee proves a prima facie case, then the burden "shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Barros*, 710 A.2d at 685

(citing *McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. 1817). If the employer meets this burden, then the onus returns to the employee to show that the employer's legitimate reasons were mere pretext for discrimination. *Id.* This Court has said that "[t]o satisfy this third prong, a plaintiff must do more than simply cast doubt upon the employer's justification." *Id.* (quoting *Resare v. Raytheon Co.*, 981 F.2d 32, 42 (1st Cir.1992)).

The record in this case shows that the plaintiff presented no competent evidence that the employer's reasons for terminating her were merely pretextual. The hospital, as the plaintiff noted, did not dispute that she established a prima facie case of discrimination. But in granting summary judgment, the motion justice noted that, after the hospital presented a legitimate business reason for requesting her resignation, the plaintiff failed to present any evidence that created a genuine issue of material fact about whether its reasons for doing so were pretextual. Her objection to the hospital's motion was full of unsubstantiated accusations and conclusory assertions, but she presented no evidence that the nondiscriminatory reasons the hospital gave for requesting her resignation were not the true reasons. This Court has held that the nonmoving party, opposing a motion for summary judgment, "carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996). Therefore, even when we view the evi-

---

*Reliable Welding Co.*, 106 Ill.App.3d 651, 62 Ill.Dec. 54, 435 N.E.2d 852, 857–58 (1982) (holding that a telephone request to the court for a continuance the day before the trial was to start was a nullity).

dence in the light most favorable to the plaintiff, no issues of material fact existed, and the motion justice properly granted the hospital's motion for summary judgment.

For these reasons, we affirm the summary judgment for the hospital.