JOHN J. MORRISEY *et al.*, Plaintiffs, *v.* JAMES ROCHFORD, Superintendent of Police of the City of Chicago *et al.*, Defendants-Appellants.—(JAMES GILBERT, Plaintiff-Appellee.)

First District (1st Division)    No. 78-790

Opinion filed July 30, 1979.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Jerome Siegan, Assistant Corporation Counsel, of counsel), for appellants.

Joseph V. Roddy, of Tully and Roddy, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendants appeal from a denial of their motion to vacate a judgment finding that plaintiff James Gilbert had been wrongfully denied a promotion to the rank of police lieutenant, after passing a promotional examination and ranking 22 on an eligibility list of 67. Of the 67 candidates, 63 were promoted.

On appeal, defendants argue that the trial court erred in finding (1) that Gilbert was denied a promotion in violation of section 10—1—13 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—1—13); and (2) that by virtue of section 10—1—13, Gilbert had a protectable property interest.

We affirm.

The facts are not disputed. In September of 1977, defendant superintendent of police requested that the director of personnel for the city of Chicago certify persons to fill 63 vacancies in the position of lieutenant. Plaintiffs John Morrisey, Gerald Weber, and James Gilbert were Chicago police officers who had passed the promotional examination and were placed on the list. Recognizing the authority of defendant superintendent to pass over candidates deemed unqualified for promotion, the director of personnel submitted a list of 67 names. Plaintiff Gilbert occupied position 22 on the list.

When none of the plaintiffs were promoted, they sought an injunction to compel defendant to promote them. Each plaintiff filed a separate suit, alleging that he was denied a promotion in favor of persons ranking lower on the eligibility list. This, plaintiffs alleged, was a violation of section 10—1—13 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—1—13), which states:

"§10—1—13. The commission shall, by its rules, provide for promotions in such classified service, on the basis of ascertained

merit and seniority in service and examination and shall provide, in all cases where it is practicable, that vacancies shall be filled by promotion. All examinations for promotion shall be competitive among such members of the next lower rank as desire to submit themselves to such examination and the results thereof and the promotional eligible registers prepared therefrom shall be published by the commission within 60 days after any examinations are held. If two or more applicants achieve the identical final grade average, they shall be placed on the promotional eligible register in their order of seniority in the position from which they seek promotion. The commission shall submit to the appointing power the names of not more than 3 applicants for each promotion having the highest rating, but in making his selection the appointing authority shall not pass over the person having the highest rating on the original register more than once and shall not pass over the person having the second highest rating in the original register more than twice. The commission may strike off all names of applicants from a promotional eligible register after they have remained thereon more than 2 years, provided that the commission shall notify the appointing power before the names are stricken and such appointing power shall fill any existing vacancies before all names are stricken from the promotional eligible register. The method of examination and the rules governing the same, and the method of certifying, shall be the same as provided for applicants for original appointment.

This amendatory Act of 1971 does not apply to any municipality which is a home rule unit."

On October 7, 1977, plaintiffs were granted a temporary injunction ordering defendant superintendent of police to appoint them to training class and later, to their respective ranks. The parties agreed that the injunction would stay in effect pending the trial court's ruling on defendants' motions to dismiss and for summary judgment. Subsequently, plaintiffs Morrisey and Weber were promoted and are therefore, no longer parties to the suit.

On December 9, 1977, the trial court denied defendants' motions to dismiss and for summary judgment. Judgment was entered in plaintiff Gilbert's favor, the trial court finding (1) that defendants violated section 10—1—13 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—1—13) in passing over plaintiff Gilbert for promotion; (2) that plaintiff Gilbert had a protectable property interest; and (3) that defendants alleged facts insufficient to justify their decision not to promote Gilbert.

Defendants subsequently filed a motion to vacate the judgment arguing that chapter 25.1 of the Municipal Code of Chicago, rather than section 10—1—13 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—1—13) was the controlling law in the case. The motion was denied and defendants appeal.

On appeal, defendants first argue that the trial court erred in concluding that section 10—1—13 of the Illinois Municipal Code was the controlling law. Defendants believe that chapter 25.1 of the Municipal Code of Chicago applies. We disagree.

Chapter 25.1, section 25.1—5 states in relevant part:

"The Director of Personnel shall issue personnel rules with the approval of the Personnel Board. Prior to the effective date of such rules, the Director of Personnel shall give public notice in one or more newspapers of general circulation, and in no case shall such publication be less than ten (10) days before the effective date of the proposed rule or amendment to the rule. Such public notice shall include information concerning where the rules can be reviewed and where comments may be directed. Nothing contained herein shall prohibit the Director of Personnel from giving any additional public notice that he may deem appropriate. The rules shall provide:

* * *

(5) For the certification to an appointing authority of the names (a) of the five highest persons available on the appropriate eligible list to fill each vacancy, or (b) from the highest ranking group if the list is by rankings instead of numerical ratings."

■■ In *Scott v. Rochford* (1978), 66 Ill. App. 3d 338, 384 N.E.2d 19, a case involving chapter 25.1 of the Municipal Code of Chicago, the appellate court noted that an ordinance enacted pursuant to home rule authority can supersede a previously enacted conflicting State statute. (See *Paglini v. Police Board* (1975), 61 Ill. 2d 233, 335 N.E.2d 480.) While finding the ordinance to be a valid exercise of home-rule power, the court went on to find the ordinance inapplicable in that case because the ordinance did not become effective until November 21, 1977, the day when first public notification was given. This was more than seven months after the plaintiff there had been discharged by the police department.

■ Likewise, in the present case, the ordinance had not yet become effective when Gilbert was passed over for promotion. He was passed over for promotion in September of 1977 and the ordinance did not become effective until November. Consequently, the trial court properly found that section 10—1—13 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—1—13) was the controlling law in this case.

Defendants have argued that if section 10—1—13 controls, then the requirement that the first and second persons having the highest ratings shall not be passed over more than once and twice respectively, does not apply to Gilbert. They argue that it applies only to the first two names appearing on the original list of 67 eligible candidates. We find this contention without merit and contrary to the purpose of section 10—1—13. If such were the case, then none of the remaining candidates would have any rights at all and the statute would be of little value.

■■ During oral arguments, defendants contended that the trial court erred in finding Gilbert qualified for promotion to lieutenant in view of the fact he once was suspended for soliciting a bribe. The record indicates that the trial judge was fully aware of the suspension. A copy of Gilbert's disciplinary history was presented to the trial judge and a hearing relating to his fitness for promotion was held. In view of the fact that the alleged solicitation occurred in 1956 and was only for $5, we will not disturb the trial court's finding. Furthermore, since no report of proceedings has been filed herein we are obliged to assume that the result reached by the trial judge was fully supported by the evidence before him. (*Abbey Plumbing & Heating Inc. v. Brown* (1977), 47 Ill. App. 3d 719, 721, 365 N.E.2d 115.) More than likely, the trial court could have felt that since the suspension did not bar Gilbert from being promoted to sergeant, it should not now be used by defendants to bar his promotion to lieutenant.

Defendants next argue that the trial court erred in finding that by virtue of section 10—1—13 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—1—13) Gilbert had a protectable property interest. We find it unnecessary to discuss this contention inasmuch as our holding that section 10—1—13 is the applicable law in this case is dispositive, regardless of how one chooses to classify the rights conferred by the statute.

Accordingly, for the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.