MICHAEL F. McCOY, Plaintiff-Appellant, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF HANOVER PARK, Defendant-Appellee.

First District (5th Division) No. 79-492

Opinion filed December 21, 1979.

Marco & Mannina, of Downers Grove, for appellant.

Samelson, Knickerbocker & Schirott, of Des Plaines (Norman E. Samelson, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from the denial of his petition which sought his promotion from patrolman to sergeant on defendant's police force.

It appears that charges were brought against plaintiff and, after a hearing, defendant ordered his discharge as a patrolman on its police force. On administrative review, the circuit court found the order of discharge to be against the manifest weight of the evidence and directed his reinstatement. An appeal taken by defendant was affirmed by this court, after which plaintiff was reinstated to his patrolman's status and was paid an amount agreed upon for back pay and other entitlements.

He then filed a petition in which he asserted that it was the intent of the circuit court's order that he be placed in the same position he would have been in had he not been discharged, and he asked (1) that he either be promoted instanter or at the next vacancy; or (2) that he be placed on the existing promotion list; and (3) for an accounting.

Plaintiff also asserted in his petition that at the time the charges were made leading to his discharge, he was number two on the sergeants' promotion list; that before his reinstatement, others who had been behind him on that list had been promoted and the list had expired; and that a new examination had been held but he had not been permitted to

participate, so that when reinstated he was not on any promotion list. In its answer, defendant admits that plaintiff had been on a promotion list with eight others at the time charges were filed against him; that three persons had been promoted from that list; that the list had expired and a new examination had taken place; that the list certified after that examination is now existing; and that plaintiff had not been allowed to participate in that examination because his discharge was under judicial review.

After oral arguments, the petition was denied and this appeal followed.

OPINION

The sole issue as stated by plaintiff in his brief here is whether defendant "must make every effort to place plaintiff in the same position as when he was wrongfully discharged." On appeal, all reasonable presumptions are in favor of the order appealed from (*Stony Island Church of Christ v. Stephens* (1977), 54 Ill. App. 3d 662, 369 N.E.2d 1313), and this presumption will obtain until overcome by a showing that error has been committed (*Witvoet v. Berry* (1977), 48 Ill. App. 3d 485, 359 N.E.2d 1117). Further, any doubt arising from an incomplete record will be resolved against appellant. *Baldridge v. Department of Registration & Education* (1977), 52 Ill. App. 3d 568, 367 N.E.2d 95.

Plaintiff, in his briefs, has made no specific assignment of error; however, we will consider the argument made in his briefs to be a contention that the trial court erred in denying his petition. In that short argument, he makes reference only to the fact that he had not been promoted although he had been number two on the promotion list when the charges were brought against him by defendant, and to the fact that his name is not on the existing promotion list because he was not permitted to take the examination for it. Based solely upon those two references, without the citation of any case law or other supporting legal authority, he argues that "it is patently unfair that McCoy remains a patrolman to the present time, * * *" and that "it is unconscionable that McCoy was effectively prevented from participating in the examination." We reject this argument.

It is an established principle that an issue not presented to or considered by the trial court cannot be raised for the first time on review. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417.) In the instant case, this argument of plaintiff was not asserted in his petition, and there is otherwise nothing in the record to indicate that it was presented to the trial court. We conclude that it was made for the first time in this appeal and, in view thereof, it may not be considered here. Moreover, plaintiff assumes a right to promotion solely because his name was on the

promotion list. He has, however, referred us to no case law or statutory support of this assumption, and we note that section 10—2.1—15 of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 10—2.1—15) provides, in relevant part, as follows concerning promotions:

> "All promotions shall be made from the 3 having the highest rating, and where there are less than 3 names on the promotional eligible register, as originally posted, or remaining thereon after appointments have been made therefrom, appointments to fill existing vacancies shall be made from those names or name remaining on the promotional register."

It thus appears clear that the promotion of a patrolman to sergeant is one of discretion and that plaintiff here had no vested right to promotion.

Although not raised in his briefs here, plaintiff did allege in his petition that the trial court should either promote or place him on the existing promotion list because "the order of October 13, 1976, [reversing on administrative review defendant's order of discharge] intended plaintiff to be placed in the same position as he would have been had the charges never been placed." We note, however, that in his complaint for administrative review of his discharge, plaintiff included no request that he be promoted or placed on a promotion list. Neither did the October 13, 1976, order of the trial court on that administrative review make any reference thereto, stating in pertinent part:

> "Accordingly, I reverse this case as against the manifest weight of the evidence.
>
> And, I direct that the officer in question be reinstated subject to receiving his pay and allowances less any amounts he might have earned from any other employment while off of his employment with the police force."

Additionally, if the argument was presented, we note that the same trial judge heard both administrative reviews, and it must be assumed that he considered and rejected the argument that his October 13, 1976, order intended plaintiff was either to be promoted or placed on an existing promotion list.

For the reasons stated, we conclude that plaintiff has not overcome the presumption in favor of the order appealed from denying his petition (see *Stony Island Church of Christ v. Stephens*; *Witvoet v. Berry*), and we affirm that order.

Affirmed.

LORENZ and WILSON, JJ., concur.