KENNETH BRUNKE, Plaintiff-Appellant, *v.* BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF COUNTRYSIDE *et al.*, Defendants-Appellees.

First District (5th Division)    No. 80-2305

Opinion filed July 31, 1981.

Stanley H. Jakala, of Berwyn, for appellant.

Robert F. Peck, of Johnson & Peck, of Western Springs, for appellee Board of Fire and Police Commissioners of the City of Countryside.

Richard F. McPartlin, of Chicago, for appellee Oldrich Gallas.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff filed an amended complaint for *mandamus* and declaratory judgment praying that defendant Gallas' promotion to the rank of police lieutenant be set aside and that plaintiff be promoted to that rank. The court sustaining the motions of both defendants, dismissed the amended complaint as to both counts. Plaintiff appeals.

The issues raised on appeal are: (1) whether plaintiff had a vested right to promotion to police lieutenant; and (2) whether an additional interview of plaintiff by the defendant Board of Fire and Police Commissioners subsequent to plaintiff's certification to the promotional list infringed upon his vested right to that promotion in violation of the fifth and fourteenth amendments of the United States Constitution.

On January 19, 1980, plaintiff filed an amended complaint for *mandamus* and declaratory judgment. In substance, count I of plaintiff's complaint alleged that pursuant to the rules and regulations of the Board of Fire and Police Commissioners of the City of Countryside section 2—2.1—5, of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—5), plaintiff was certified as number five on a promotional list for a lieutenant's vacancy; that the first four candidates on that list had been promoted in sequence without additional testing or interviews; that plaintiff had attained a vested right to promotion; that plaintiff had received a written request to appear for an oral interview in connection with a lieutenant vacancy and did subsequently so interview; that on the basis of that interview defendant Gallas was promoted to lieutenant and that such promotion violated Illinois statutory law, the rules and regulations of the Board of Fire and Police Commissioners of the City of Countryside, and its "history" of sequential promotion. Count I prayed judgment directing that defendant Gallas' promotion be set aside; that plaintiff had a vested right to promotion and that plaintiff be promoted to the rank of lieutenant. Count II prayed declaratory judgment that defendant Gallas' promotion was illegal; that plaintiff's vested right to a property interest was violated contrary to the fifth and fourteenth amendments of the United States Constitution and that plaintiff be promoted to the rank of lieutenant.

On February 15, 1980, defendant Gallas filed a motion to dismiss the amended complaint substantially asserting that plaintiff had not shown a clear right to *mandamus* and that plaintiff had no vested right to promotion. Defendant Board's motion to strike and dismiss similarly alleged plaintiff failed to establish that he had a clear right to *mandamus* or a vested right to promotion.

After arguments of counsel, the trial court granted the motions of

both defendants. Although the order does not recite its basis, the court did state that it found the Board properly exercised its discretion and found "no impairment to Sergeant Brunke's vested right under the promotional list by reason of a subsequent interview after a new member of the Board of Commissioners was appointed."

OPINION

The threshold issue to be determined is whether or not plaintiff had a vested right to promotion to police lieutenant.

Plaintiff's assertion that he has a vested right to the promotion given to defendant Gallas rests on two bases: decisional law, particularly *United States v. City of Chicago* (7th Cir. 1977), 549 F.2d 415, *cert. denied* (1977), 434 U.S. 875, 54 L. Ed. 2d 155, 98 S. Ct. 225, and the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—15). However, neither supports plaintiff's contention that he has a vested right to promotion to lieutenant.

*United States v. City of Chicago* is not pertinent to the issues in the instant case. It involved a consolidated civil rights action challenging the employment practices of the Chicago Police Department. The district court held that the employment practices discriminated against racial minorities and women in violation of title VII. On appeal, certain defendants challenged that portion of the court's order that had permitted promotions of some personnel not on the promotional roster. Defendants asserted these promotions were improper because unnecessary to correct sexual and racial discrimination. The court of appeals agreed, stating that while the district court could suspend the Illinois statutory promotional scheme (Ill. Rev. Stat. 1977, ch. 24, par. 10—1—13) to remedy illegal discrimination, it could not authorize Chicago to depart from that statutory scheme except to correct a racial and sexual imbalance.

Plaintiff here has raised no issue of promotions made by defendant Board from outside the promotional roster. Defendant Gallas, whose promotion plaintiff contests, was listed on the same promotional roster as plaintiff. Thus, *United States v. City of Chicago* has no bearing on the instant case and does not support plaintiff's contention that he has a vested right to the promotion given defendant Gallas.

Plaintiff next asserts by rather circuitous reasoning a statutory basis for his claim to a vested right in the contested promotion. Plaintiff relies on section 10—2.1—15 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—15) which reads in pertinent part:

"All promotions shall be made from the 3 having the highest rating, and *where there are less than 3 names* on the promotional eligible register, as originally posted, or *remaining thereon after appointments* have been made therefrom, appointments to fill existing

*vacancies shall be made from those names or name remaining on the promotional register.*" (Emphasis added.) Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—15.

Plaintiff does not dispute that this provision grants to a police or fire commission the discretion to promote any candidate from among the highest candidates that appear on a certified promotional list. (See *McCoy v. Board of Fire & Police Commissioners* (1979), 79 Ill. App. 3d 742, 398 N.E.2d 1020.) He contends, however, that because this statutory provision is silent as to promotional procedure when less than three candidates remain, promotion when two candidates remain must be in sequence. Consequently, plaintiff, first in line of only two remaining candidates, argues that he had a vested right to the promotion given defendant Gallas. Plaintiff cites no authority for his interpretation of this provision.

■■■ It is a primary rule of statutory construction that the intention of the legislature is to be ascertained and given effect. (*People ex rel. Kucharski v. Adams* (1971), 48 Ill. 2d 540, 273 N.E.2d 7.) Such intent should be sought principally from the language used in the statute which affords the best method of its exposition. (*Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 367 N.E.2d 173, *cert. denied* (1978), 435 U.S. 970, 56 L. Ed. 2d 61, 98 S. Ct. 1610.) After examining the language of this provision of the statute, we have concluded that the legislature clearly intended that the fire or police commission board should have the same discretion in selecting from two remaining candidates on a promotion roster list that it has when selecting from the highest candidates on the roster list. Therefore, as selection between defendant Gallas and plaintiff for promotion was discretionary with the Board, plaintiff did not have a vested right to this promotion.

Plaintiff's final contention is that the second interview required of him by the defendant Board infringed upon his vested right to this promotion in violation of the fifth and fourteenth amendments. However, this constitutional argument must necessarily fail, concluding as we have that plaintiff had no vested right to this promotion and that selection from the two remaining candidates was discretionary with the Board.

In *People ex rel. Elmore v. Allman* (1943), 382 Ill. 156, 46 N.E.2d 974, the court stated that *mandamus* is not a writ of right; that before a *mandamus* writ may issue it must clearly appear that plaintiff has a clear right to the relief sought and further that where the performance of an act or duty requires the exercise of discretion on the part of an officer or body *mandamus* will not lie to direct how the discretion shall be exercised. In the instant case plaintiff has not demonstrated his clear right to the promotion to police lieutenant. Further, the selection between the two remaining candidates, defendant Gallas and plaintiff, for the single

lieutenant vacancy, was discretionary with the defendant Board and not a ministerial act. Accordingly, the trial court correctly dismissed count I of plaintiff's complaint.

Count II of plaintiff's complaint seeking declaratory judgment suffers from the same deficiency as count I; plaintiff has no vested right to this promotion. Therefore, count II failed to state a cause of action for declaratory relief and was properly dismissed. *Gagne v. Village of LaGrange* (1976), 36 Ill. App. 3d 864, 345 N.E.2d 108.

The judgment of the trial court dismissing the plaintiff's complaint for *mandamus* and declaratory relief is affirmed.


Affirmed.


SULLIVAN, P. J., and LORENZ, J., concur.