**Merton RUTHERFORD**

v.

**CITY OF PORTLAND.**

Supreme Judicial Court of Maine.
Argued March 8, 1985.
Decided June 20, 1985.

Eve H. Cimmet (orally), Richardson, Tyler & Troubh, Portland, for plaintiff.

David A. Lourie (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

VIOLETTE, Justice.

Merton Rutherford appeals from a decision of the Superior Court, Cumberland County, after a jury-waived trial that granted judgment for the City of Portland. The court concluded that Rutherford's negligence claims were barred by the Maine Tort Claims Act and that Rutherford failed to demonstrate a breach of his employment contract. We agree and affirm the Superior Court's decision.

I.

Merton Rutherford began employment with the Portland Fire Department in 1968. During the time relevant to this action, his employment contract incorporated several documents: an agreement between Local 740, International Association of Firefighters and the City; the Rules and Regulations of the Portland Fire Department; the City of Portland's Statement of Personnel

Policy; and its Civil Service Ordinance, Chapter 201 of the City's municipal code.

During 1977 or 1978, Rutherford began the application procedures for a promotion to Lieutenant in the Fire Department. As a result of written and oral tests as well as recommendations, he was placed sixth on a Civil Service Commission Eligible list dated March 10, 1978. This list remained effective until March 9, 1979 and vacancies for Lieutenant were filled from this list until its expiration date. When vacancies were to be filled, the Fire Chief was furnished with the names of the top candidates on this list including two names more than the number of vacancies. Upon receipt of a list, the Chief evaluated the names presented to him, and considering his own personal knowledge and recommendations provided by his District Chiefs, selected the names of those candidates he recommended for promotion. He then sent this list to the City Manager, who had sole discretion in filling vacancies. The City Manager had in all cases, however, accepted the Chief's recommendations and had promoted those individuals recommended by him.

From March 10, 1978 to August 1978, eleven individuals were promoted from the March 10, 1978 eligible list. The Fire Chief testified that he indicated to Rutherford on at least one occasion that he, Rutherford, would be the next candidate promoted should a vacancy arise. No vacancies occurred, however, until well after the expiration of the eligible list and Rutherford never became a Lieutenant.

Lieutenant Alfred Tetreau of the Portland Fire Department was convicted of the felony of grand larceny in September of 1977 for having embezzled Local 740 union funds. Although Tetreau was already serving a one to three year prison sentence for this offense, no proceedings were begun to remove him before the expiration of the eligible list. By action of the City Council, Tetreau was placed on a leave of absence for one year. The union filed a grievance claiming that the City Council's action was a breach of the collective bargaining agreement between Local 740 and the City. The grievance was arbitrated and the arbitration panel found on May 10, 1978, that the leave violated the agreement with Local 740 because the City Council was without authority to grant Tetreau such a leave. Not until February of 1982 were charges filed with the Civil Service Commission against Tetreau and he was removed shortly thereafter from the Fire Department for conduct unbecoming a firefighter.

Rutherford contends that if Tetreau had been removed shortly after his conviction, a vacancy would have existed while the eligible list was in effect and Rutherford would have been promoted to Lieutenant. Rutherford filed a complaint on August 6, 1979, that was dismissed on September 21, 1979 for failure to state a claim upon which relief could be granted unless the complaint was amended within 30 days. The complaint was amended on October 22, 1979 and alleged both negligence and a breach of contract resulting from the City's action in not removing Tetreau more expeditiously, and requested injunctive relief as well as damages for lost earnings.

After a jury-waived trial, the Superior Court, Cumberland County, ruled on June 8, 1984 that, notwithstanding any ambiguity as to whether Rutherford's claim of negligence had or had not been previously dismissed, his negligence claim was barred by the Maine Tort Claims Act. The court also ruled that, although the City was dilatory in discharging Tetreau, this conduct did not constitute a breach of obligation owed to Rutherford.

## II.

■ We find that the trial court was correct in ruling that Rutherford's negligence claim was barred by the Maine Tort Claims Act. Generally, 14 M.R.S.A. § 8103 (1980) exempts governmental entities from suit on any and all tort claims seeking recovery of damages except as expressly

provided by statute.[1] Section 8103(2) of the Act states that "a governmental entity shall not be liable for any claim which results from: B: the undertaking, or failure to undertake, any judicial or quasi-judicial act...." 14 M.R.S.A. § 8103 (1980). In *McNally v. Mokarzel*, 386 A.2d 744, 747 (Me.1978), we stated that termination of an employee was a quasi-judicial act. The nonremoval of Tetreau before the expiration of the eligible list on March 9, 1979, was a quasi-judicial act of omission immune from tort claims under § 8103.

■■■ Rutherford alleges that the City has waived its immunity defense under the Maine Tort Claims Act by failing to plead the defense in its second answer and by failing to raise the issue at trial. In *Faucher v. City of Auburn*, 465 A.2d 1120, 1124 (Me.1983), we recognized that the Maine Tort Claims Act is the statutory reformulation of the doctrine of sovereign immunity. We have previously concluded that sovereign immunity cannot be waived by imposition of procedural requirements or forfeited by procedural defaults. *Drake v. Smith*, 390 A.2d 541, 543 (Me.1978); *Turner v. Collins*, 390 A.2d 537, 540 (Me. 1978). We find nothing in the Act that either expressly or impliedly shows a legislative intent to abrogate the holding of these cases. The City, therefore, did not waive its sovereign immunity defense by failing to plead the defense in its answer or at trial.

### III.

■■■ We disagree with Rutherford's contention that the trial court erred in ruling that he failed to establish a breach of contractual obligation owed him by the City. The court correctly characterized the issue to be determined as "[d]id Plaintiff Rutherford have an agreement with Defendant City of Portland, express or implied, that obligated Defendants to expeditiously commence disciplinary proceedings against a superior officer charged with wrongdoing to enhance or preserve Rutherford's opportunity for promotion during the unexpired term of a particular eligibility list?" The trial court found that no contractual obligation existed for the following reasons: 1) the Rules and Regulations of the Fire Department do not set any minimum or maximum time frames within which Tetreau should have been removed; 2) section 3 of the City's personnel policy, which states that "the City shall give employees maximum opportunity for advancement in the service including departmental and divisional transfers," when read as a whole, could not be construed to support an expectation by an individual employee that superior officers guilty of wrongdoing will be promptly removed to create, enhance or preserve an opportunity for promotion of the individual employee; and 3) none of the contractual provisions concerning misconduct refer in any way to the promotional opportunities of individuals. We find no error in the trial court's reasoning and conclusions.

■■■ Further, we are concerned here with the legality of the procedure, not its wisdom. *See Local 1180, Communications Workers v. Hoberman*, 35 A.D.2d 269, 315 N.Y.S.2d 958, 961 (1970). We will not interfere with the City's action unless a legal duty is shown. *Myers v. Garmire*, 353 So.2d 586, 588 (Fla.App.1978). The City Manager had sole discretion in making promotions. Even if Tetreau had been promptly removed, Rutherford had no con-

---

1. 14 M.R.S.A. § 8103 (1980) states in pertinent part:

   **1. Immunity.** Except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages. When immunity is removed by this chapter, any claim for damages shall be brought in accordance with the terms of this chapter.

2. **Examples.** Notwithstanding section 8104, a governmental entity shall not be liable for any claim which results from:

   **B.** *The undertaking, or failure to undertake, any judicial or quasi-judicial act....* (Emphasis added.)

tractual expectation that he would have been chosen to fill the vacancy nor that the vacancy would be filled during the effective period of the eligibility list. We agree with other jurisdictions which have found that where promotion decisions are discretionary, employees have no vested right to promotion. *See, e.g., Brunke v. Board of Fire and Police Commissioners,* 99 Ill. App.3d 25, 54 Ill.Dec. 503, 425 N.E.2d 15, 18 (1981); *Yates v. Grecco,* 85 A.D.2d 817, 445 N.Y.S.2d 623, 624 (1981); *Whitt v. District of Columbia,* 413 A.2d 1301, 1303 (D.C.App.1980); *McCoy v. Board of Fire and Police Commissioners,* 79 Ill.App.3d 742, 35 Ill.Dec. 70, 398 N.E.2d 1020, 1022 (1979). While the conduct of the City regarding Tetreau's removal leaves much to be desired, Rutherford has failed to show any breach by the City of the employment contract.

The entry is:

Judgment affirmed.

All concurring.