FOURTH DIVISION

NOVEMBER 29, 2001

1-00-0100

)

MICHAEL MOLLER, ) Appeal from the 

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

) 

)

CIVIL SERVICE COMMISSION OF THE CITY OF )

BLUE ISLAND, ILLINOIS, CHIEF JOSEPH )

KOSMAN, Chief of the City of Blue ) 

Island, Illinois Police Department, ) 

and FRANK PODBIELNIAK, ) Honorable

) Ronald C. Riley,

Defendants-Appellees. ) Judge Presiding.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, Michael Moller, filed an administrative review complaint alleging defendants, Civil Service Commission of the City of Blue Island (Commission) and Police Chief Joseph Kosman, violated section 10-1-13 (65 ILCS 5/10-1-13 (West 2000) (section 10-1-13)) of the Illinois Municipal Code (65 ILCS 5/1-1-1 
et
 
seq
. (West 2000) (Code)) and Article IX of the Commission's Rules and Regulations (Article IX) by not promoting him to the rank of corporal.
(footnote: 1)  The circuit court of Cook County affirmed the Commission's and Chief Kosman's decisions not to promote plaintiff.  Thereafter, plaintiff moved to reconsider, which the court denied.  Plaintiff appeals.

The issues presented in this appeal include whether: (1) plaintiff's right to promotion constituted a protected property interest; and (2) the circuit court's affirmance of the Commission's and Chief Kosman's decisions not to promote plaintiff was legally erroneous. 

On January 14, 1997, the Commission posted a final eligibility list naming ten officers for promotion to the rank of police corporal.
(footnote: 2)  The Commission then submitted Cornell, plaintiff and Podbielniak as promotion candidates to Chief Kosman.  On or about January 20, 1997, Chief Kosman promoted the highest rated candidate, Cornell, to the rank of corporal.

On August 12, 1998, the Commission certified the next three names from the final eligibility list, those being plaintiff, Podbielniak and Morey, as candidates for promotion.  Morey, the fourth highest rated candidate, was promoted to the rank of corporal on September 11, 1998, after which only one promotion remained.

In October 1998, the Commission selected three more names for promotion from the final eligibility list, including plaintiff's; however, Chief Kosman promoted Podbielniak, the third highest rated candidate, to the rank of corporal.

Plaintiff filed a two-count administrative review complaint on December 1, 1998, alleging the Commission and Chief Kosman violated section 10-1-13 of the Code
(footnote: 3) and Article IX
(footnote: 4) because they bypassed him for promotion twice as the highest rated candidate and thrice as the second highest rated candidate.  Alternatively, plaintiff argued that the Commission should have selected only plaintiff as the candidate for promotion to the rank of corporal or should have directed Chief Kosman to promote plaintiff to ensure compliance with section 10-1-13 and Article IX.  Plaintiff, in Count II of his complaint, sought a declaratory judgment, temporary restraining order and other injunctive relief.

The instant matter was briefed fully and argued before the circuit court on October 6, 1999.  During the hearing, the parties agreed that the final eligibility list, dated January 14, 1997, was the "original roster," and that plaintiff was rated second on that list.  The court affirmed the Commission's and Chief Kosman's decisions not to promote plaintiff, agreeing with defendants' contention that plaintiff remained the second highest rated candidate on the original register and was not passed over as the person having the second highest rating on that register more than twice.  Plaintiff then moved to reconsider, which the court denied.  Plaintiff filed a timely notice of appeal.

Judicial review of an administrative agency action extends to all questions of law and fact presented in the record and further provides that the agency's findings and conclusions on questions of fact shall be held 
prima facie
 true and correct.  
City of Freeport v. Illinois State Labor Relations Board
, 135 Ill. 2d 499, 507, 554 N.E.2d 155 (1990) (
Freeport
).  A reviewing court may reverse the agency's finding of fact only if it was against the manifest weight of the evidence.  
Freeport
, 135 Ill. 2d at 507.  Where a legal question is involved, such as the proper interpretation of a statute, the agency's finding is not binding on the reviewing court.  
Freeport
, 135 Ill. 2d at 507; 
Stec v. Oak Park Police Pension Board
, 204 Ill. App. 3d 556, 561-62, 561 N.E.2d 1234 (1990).  Generally, courts will accord deference to an agency's statutory interpretation; however, the interpretation will be rejected when erroneous.  
City of Decatur v. Illinois State Labor Relations Board
, 122 Ill. 2d 353, 361, 522 N.E.2d 1219 (1988).

I

Plaintiff initially asserts that section 10-1-13 and Article IX created a protected property right which required the Commission to submit only plaintiff's name for promotion to the rank of corporal or, alternatively, mandated Chief Kosman to select him for promotion. 

To determine the existence of a property interest, courts look to "'existing rules or understandings that stem from an independent source such as state law.'"  
Nowak v. City of Calumet City
, 648 F. Supp. 1557, 1559 (N.D. Ill. 1986) (
Nowak
), quoting 
Cleveland Board of Education v. Loudermill
, 470 U.S. 532, 541, 84 L. Ed. 2d 494, 503, 105 S. Ct. 1487, 1491 (1985).  A person claiming the property interest must show more than a unilateral expectation of that interest amounting to a "'legitimate claim of entitlement.'"  
Nowak
, 648 F. Supp. at 1560, quoting 
Board of Regents of State Colleges v. Roth
, 408 U.S. 564, 577, 33 L. Ed. 2d 548, 561, 92 S. Ct. 2701, 2709 (1972).  The legitimate expectations of the property interest holder, however, may be created by state statute or local ordinances (
Nowak
, 648 F. Supp. at 1560), or may arise from less formal sources such as rules or "mutually explicit understandings between the parties."  
Perry v. Sindermann
, 408 U.S. 593, 602, 33 L. Ed. 2d 570, 580, 92 S. Ct. 2694, 2699 (1972); 
Valentine v. Joliet Township High School District No. 204
, 802 F.2d 981, 983 (7th Cir. 1986).

The Seventh Circuit in 
United States v. City of Chicago
, 869 F.2d 1033, 1036 (7th Cir. 1989) (
Chicago
), found that Illinois law does not create an entitlement to promotion because section 10-1-13 gives the promoting authorities unfettered discretion to choose from among a number of the highest rated applicants for each available promotion, depending on the population size of the municipality.  See
 also 
Bigby v. City of Chicago
, 766 F.2d 1053, 1056-57 (7th Cir. 1985) (holding that there is no constitutional right, unrelated to racial or other discrimination, to rational test for promotion to a higher rung in civil service of state or municipality); 
McCoy v. Board of Fire and Police Commissioners
, 79 Ill. App. 3d 742, 744, 398 N.E.2d 1020 (1979) (finding that the promotion of a patrolman to sergeant is one of discretion and that plaintiff had no vested right to promotion).  A roster ranking may create an expectation of promotion, but an officer has no entitlement to that promotion.
(footnote: 5)  
Chicago
, 869 F.2d at 1038.

In the instant case, plaintiff cites no provisions in section 10-1-13 or Article IX supporting his argument that he had a protected property right to the promotion.  Nothing in the record shows that the Commission or Chief Kosman failed to follow appropriate procedures for making promotions or that their decisions were arbitrary or unreasonable.  

Based upon the foregoing, plaintiff was not deprived of a protected property interest when the Commission and Chief Kosman did not promote him.

II

Plaintiff next contends that the circuit court's ruling affirming the Commission's and Chief Kosman's decisions was legally erroneous because after Cornell was promoted, plaintiff became the highest rated officer on the final eligibility list and subsequently was passed over twice by the promotions of Morey and Podbielniak, in violation of section 10-1-13 and Article IX.  Plaintiff also avers that even if he remained as the second highest rated officer on the list, he was passed over thrice by the promotions of Cornell, Morey and Podbielniak, in contravention of section 10-1-13 and Article IX.

In construing a statute, the reviewing court's primary objective is to ascertain and give effect to the intent of the legislature.  
People v. Robinson
, 172 Ill. 2d 452, 457, 667 N.E.2d 1305 (1996) (
Robinson
).  The most reliable indicator of legislative intent is the plain and ordinary meaning of the language used in the statute.  
Robinson
, 172 Ill. 2d at 457.  Where the language is clear and unambiguous, the statute must be applied without the further aids of statutory construction.  
Robinson
, 172 Ill. 2d at 457.

Here, construing the clear and unambiguous language in both section 10-1-13 and Article IX, plaintiff was neither passed over more than once as the person having the highest rating on the original register, nor passed over more than twice as the second highest rated officer.  During the hearing on his complaint, plaintiff agreed that the final eligibility list, dated January 14, 1997, was the "original roster."  Cornell held the highest rated position on the list and, as the first to be promoted, he did not bypass plaintiff because plaintiff was rated at a lower position.  Thereafter, contrary to his assertion, plaintiff remained in the second highest rated position "on the original register."

Plaintiff relies on 
Morrisey
 to support his argument that once Cornell was promoted, he became the person with the highest rating on the original register.  In 
Morrisey
, the appellate court held that plaintiff, a police officer who ranked 22nd out of 67 candidates on a promotional list, could not be denied a promotion in favor of candidates rated lower on the list.  74 Ill. App. 3d at 685-86.  Defendants argued that if section 10-1-13 controlled, then the requirement that the first and second persons having the highest ratings shall not be passed over more than once and twice did not apply to plaintiff; rather, the statute applied only to the first two names appearing on the original list of 67 candidates.  The court found defendants' contention was without merit and contrary to the purpose of section 10-1-13, stating, "[i]f such were the case, then none of the remaining candidates would have any rights at all and the statue would be of little value."  
Morrisey
, 74 Ill. App. 3d at 686.  Plaintiff in the case 
sub judice
 misconstrues the 
Morrisey
 court's analysis.

The 
Morrisey
 court's ruling did not find that plaintiff moved from his 22nd position once an officer rated ahead of him was promoted; rather, it found that the language in section 10-1-13 applies to more than those candidates rated first and second on the list, meaning that although a person is rated 22nd on the list, he cannot be passed over more than twice by someone rated lower.  
Morrisey
's interpretation of section 10-1-13 requires application of the statute by first noting the position of the candidate on the original register and then assessing whether the candidate was passed over.  
Morrisey
 does not stand for the proposition that once someone rated higher is promoted, then the original register changes by moving others into higher rated positions.

In the instant case, plaintiff was listed as the second rated candidate on the original register and remained in that position after Cornell's promotion.  When Morey and Podbielniak were promoted to corporal, they both passed over plaintiff because they were rated lower than him.  Construing the language of section 10-1-13 and Article IX, however, plaintiff was not passed over 
more
 than twice while rated second on the original register and, therefore, the Commission and Chief Kosman did not violate the statute or municipal rules and regulations by not promoting him. 

Accordingly, the decision of the circuit court of Cook County was not legally erroneous, requiring affirmance of the court's findings and conclusions.

Affirmed.

HOFFMAN, P.J., and THEIS, J., concur.

FOOTNOTES
1:
Frank Podbielniak also is listed as a defendant in plaintiff's complaint, but stated in his second affirmative defense that "at all relevant times he was a patrolman in the City of Blue Island Police Department" and "had no authority to promote plaintiff or to act on promotions within" the police department.  Plaintiff insists Podbielniak is an interested party to these proceedings.

2:
The final eligibility list rated the ten officers based on a numeric score as follows:

Cornell, Michael 96.7

Moller, Michael 92.7

Podbielniak, Frank 83.0

Morey, Thomas 81.8

Kirpach, Gregory 80.7

Flavin-Anderson, Julie 78.0

Schooley, Daniel 75.3

Cistaro, Joseph 71.4

Schultz, Jamie 68.6

Stahmer, Erick 68.4

3:
Section 10-1-13 provides, in pertinent part:

"The commission shall, by its rules, provide for promotions in such classified service on the basis of ascertained merit and seniority in service and examination and shall provide, in all cases where it is practicable, that vacancies shall be filled by promotion. ***  The commission shall submit to the appointing power the names of not more than 3 applicants from each promotion having the highest rating ***, but in making his selection the appointing authority shall not pass over the person having the highest rating on the original register more than once and shall not pass over the person having the second highest rating in the original register more than twice."  65 ILCS 5/10-1-13 (West 2000). 

4:
Article IX, entitled "Certification of Promotional Appointments," adopted the same language as section 10-1-13, namely, that the head of the department, in making his selection, "shall not pass over the person having the highest rating on the original Register more than once and shall not pass over the person having the second highest rating on the original Register more than twice."

5:
Plaintiff cites 
Morrisey v. Rochford
, 74 Ill. App. 3d 682, 394 N.E.2d 5 (1979) (
Morrisey
) to support his assertion of a protected property interest because the appellate court affirmed the circuit court's finding that a property right was created by section 10-1-13.  Plaintiff's reliance on 
Morrisey
 is misplaced because there, the court specifically found it unnecessary to discuss the property right issue.  74 Ill. App. 3d at 686.