Janet **BOUCHER**

v.

**Thomas P. GALVIN, M.D.**

No. 88–564–M.P.

Supreme Court of Rhode Island.

March 13, 1990.

David A. Schechter, Providence, for plaintiff.

Seth Bowerman, Hanson, Curran & Parks, Providence, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari filed by the plaintiff in a civil

action for malpractice. The plaintiff Janet E. Boucher had filed an action in 1983 for medical malpractice against the defendant Thomas P. Galvin, M.D. On two prior occasions, in 1987 and again in 1988, the plaintiff had requested continuances on the ground that she had required further medical treatment, testing and diagnostic evaluation before being ready for trial. These continuances were granted without condition and are not in issue in the course of the present review. This petition for certiorari arises out of another continuance that was sought and granted in the Superior Court on condition that the plaintiff videotape the depositions of all her expert witnesses within a period of approximately thirty days, and that interest be suspended from and after the date upon which the case was called for trial. We quash the conditions and remand the case for assignment to the trial calendar. The facts of the case insofar as pertinent to this petition are as follows.

It appears that in the spring of 1988 a Superior Court justice who was then in charge of the civil trial calendar had given the subject case a priority assignment in order that a date certain might be applied in light of the rather numerous experts that were to be presented by both sides. Thereafter, however, a different justice was assigned to supervise the civil trial calendar. When the case was called for a status conference in the fall of 1988, the calendar justice stated that as a matter of policy he would not give the case a priority assignment, and that the case would take its normal position in respect to all the other cases as they might be called on the calendar.

On October 28, 1988, the subject case was called for trial. At the call of the continuous trial calendar the justice made the following comments:

"As some of you may have observed, our civil calendar is several pages long. There are now in a ready status on our civil trial calendar some ninety-four pending cases. And it is taking us between four and five weeks to reach cases called ready each Friday. I am taking jury waived cases directly off the calendar,

and we are usually able to reach those within the week for which they are called.

"Right now there are two trial justices assisting the Court. And I expect both of them to be open on Monday. But don't be optimistic about any of the cases you call ready today. As I have just advised you, there are a little over ninety cases waiting for the attention of these two justices."

Among the ninety-four cases previously called ready, counsel for plaintiff additionally had two cases in which he represented parties. He asserts in his brief, without contradiction, that both of these cases would have required approximately five trial days. Counsel expected that his two cases that had been placed on the calendar earlier would be called ahead of the instant case and that, therefore, he would have at least thirty days warning before it would be necessary to try the case that is the subject of this controversy. As a consequence counsel advised his expert witnesses that they could return to their regular schedules until he notified them to be ready for trial.

Much to counsel's surprise, he was notified on the afternoon of Tuesday, November 8, 1988, by a representative of the assignment office that the subject case would be called for actual trial the following day, November 9. Counsel could think of no explanation for this sudden call, save that the assignment office had continued the priority assignment that had been given by the previous calendar justice and, as counsel thought, had been removed by the current calendar justice. Counsel for defendant does not agree with this inference. The record does not establish the reason for the call by the assignment office. In light of the remarks made by the calendar justice some eleven days prior to November 8, however, we are of the opinion that counsel's inference was a reasonable one.

On the morning of November 9, counsel for both parties appeared before the calendar justice, and counsel for plaintiff asserted that his expert witnesses had all been

excused and that it would take him thirty days to reassemble them. He further went on to explain to the calendar justice that he had relied upon the justice's earlier comments that the cases called on October 28 would probably not be reached for at least four or five weeks. He further explained that he had released his expert witnesses for thirty days and could not immediately bring them into court. Thereupon, the calendar justice responded, "[W]ell anyone can make a mistake. Are you moving for a continuance?"

When counsel for plaintiff assured the court that he was seeking such a continuance, the justice responded that he might have a continuance for thirty days on two conditions, (1) that he videotape the testimony of all his expert witnesses within thirty days, and (2) that interest would be suspended immediately. The justice further commented that plaintiff's case would be dismissed after thirty days if the experts were not videotaped and recorded. Counsel sought an alternative from the calendar justice that if his witnesses were ready to be brought into court in thirty days he could forego the videotaping process. The calendar justice answered in the negative.

■ Counsel for plaintiff was obviously unable to go forward and, therefore, had no choice save to accept the continuance. After leaving the courthouse, however, he had second thoughts and petitioned this court for a writ of certiorari. The writ issued January 13, 1989. The plaintiff contends that he was misled by the statements made by the calendar justice on October 28 at the call of the calendar, and by the number of cases called ready on that day. Perhaps more misleading than any other single factor was that counsel had two cases also marked ready on the calendar that were prior in order of assignment to the instant case but had not yet been called for trial.[1]

The defendant argues that his attorney was ready for trial, and his expert witnesses would have been presented in the usual course. Defense counsel also argues that under Rule 40(b) of the Superior Court Rules of Civil Procedure, continuances are granted only for good cause and upon such terms and conditions as the court shall determine. There is no question that under Rhode Island procedural rules, a continuance may be granted or refused in the discretion of the calendar justice.

■ We are also mindful of the fact that the management of a trial calendar is among the most difficult of all judicial assignments. It is necessary for the calendar justice to maintain a firm schedule of cases in order to keep the flow of trials moving in such manner as to keep the judges assigned to the calendar busy with cases and also to make certain that the cases on the calendar move smoothly toward resolution either by trial or settlement. The mere description of this function falls far short of delineating all the difficulties that may be encountered in bringing a trial team of busy lawyers on both sides of an issue and all their expert witnesses and lay witnesses into the courtroom at a given time so as to allow a case to be presented with reasonable clarity to the trier-of-fact for determination. Not only the courts of this state, but courts throughout the United States are plagued by conflicting engagements of attorneys and by conflicting engagements of busy expert witnesses. Consequently the widest discretion must be given to calendar justices and trial justices in carrying out this enormously difficult function whose balance may be upset on any given occasion by a variety of unforeseeable factors.

1. We believe, of course, that it is the obligation of counsel who has a case on the ready calendar to monitor the status of the calendar daily in order to become aware of changes that may have taken place from the time of the initial calendar call. We are mindful that unanticipated settlements or other dispositions may accelerate a case on the calendar in an unexpectedly rapid manner. Nothing in this record indicates, however, that the status of the calendar had significantly changed from October 28 to November 9. For example, the two cases in which plaintiff's counsel was also involved as a trial attorney were not called in the intervening eleven days. This lends credence to plaintiff's counsel's inference that his sudden summons to trial was caused by an administrative error.

In the case at bar, however, we must recognize that counsel for plaintiff had reasonably relied on the October 28 prediction by the calendar justice that this case and, indeed, prior cases would not be reached for at least four or five weeks. We are also mindful of the fact that counsel also had two prior cases on this calendar, which in the ordinary course of events would have been called before the case at bar.

In spite of the difficult function assigned to the calendar justice, we are of the opinion that trial counsel who is positively misled by statements which he has every reason to believe are accurate and reliable, should not be penalized for having an unforeseen event—the early call of this case ahead of both of his other cases—completely upset what to him has been a completely predictable course of events.

Counsel for plaintiff could not possibly have anticipated that in the afternoon on November 8, he would suddenly be called upon to be ready for trial November 9. No attorney, however experienced, could have been sufficiently prescient to have anticipated this course of events. When he has no reason to believe that his expert witnesses will be called upon within a given period, no attorney, can be expected to keep them available day after day when there is no reasonable expectation that they will be needed. Such an attorney would not be able to retain the services of expert witnesses even in a single case.

From a review of the somewhat limited record in this case as expanded by the representations of counsel, we are of the opinion that on November 9, the calendar justice simply was not aware of the full extent by which plaintiff's counsel had been misled. A brief appearance, the statements by defense counsel that he was ready for trial, and the apparent inability of plaintiff's counsel to sum up all the past events upon which he would rely undoubtedly indicated to the calendar justice that plaintiff's counsel had simply made a mistake in estimating the amount of time he

required to prepare for actual trial. Our review of the record, since we have the luxury of observing the case at a distance and with more opportunity to review the facts than was available to the calendar justice, indicates to us that the calendar justice did not fully appreciate the manner in which plaintiff's counsel had been misled on the basis of reliable indicia. We are also of the opinion that the calendar justice was unaware of the literal "bolt from the blue" which had occurred by reason of this notice from the assignment office. This notice cannot in any way be rationally explained in light of the comments made by the calendar justice on October 28. We do not believe that the calendar justice was aware of or, indeed, had any explanation for this sudden and unanticipated change of events.

Without in any way being critical of the calendar justice and the difficult role he carries out in managing the daily flow of cases for which he was responsible, we are of the opinion that he misconceived the situation and did not give adequate consideration to the basis for plaintiff's counsel's request for a continuance. Had the calendar justice had before him all the circumstances which have been made available to us in our review of this case, we are of the opinion that he would have not have attached the rather harsh conditions for the continuance which he in fact did impose.

We are mindful of the fact that the language of the plaintiff's counsel indicated that he accepted the continuance even with these hard conditions. We are convinced, however, that the plaintiff's counsel had no choice, not even the legendary Hobson's choice. He obviously could not go forward with trial without expert witnesses. Therefore, he could not refuse the continuance. Consequently, he chose to accept the continuance and seek review by this court. In our examination of the case, we are of the opinion that the conditions imposed were not justified by the events which caused the plaintiff's counsel to seek the continuance.

 

For the reasons stated, the conditions imposed by the calendar justice are quashed. The petition for certiorari is granted, and the case is remanded to the Superior Court with directions to place this case on the trial calendar under circumstances which will allow a reasonable time for the plaintiff's counsel to assemble his expert witnesses and proceed to trial.

MURRAY, J., did not participate.