2020 IL App (1st) 190701-U

No. 1-19-0701

Order filed April 16, 2020

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CARMELITA JACKSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 15 L 8605 |
| | ) | |
| THE CITY OF CHICAGO, PATRICK MARTINEZ, | ) | |
| CHANITA PAUL, DESIREE TRIPLETT, CHARITA | ) | |
| PAUL, ANDREA ROBERSON, BRANDON PAUL, | ) | |
| MICHAEL DINEEN, HAROLD HUFF, MICHAEL | ) | |
| McDEVITT, KEVIN GARDNER, SHERMAN MORRIS, | ) | |
| PAUL DOWNING, MICHAEL GAINES, DAMON | ) | |
| STEWART, JOHN KILL, and THE POLICE | ) | |
| DEPARTMENT OF THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants, | ) | Honorable |
| | ) | Sandra G. Ramos, |
| (Patrick Martinez, Defendant-Appellee). | ) | Judge, presiding |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Gordon and Justice Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court neither abused its discretion by continuing the trial one day after the scheduled trial date nor deprived the plaintiff of her right to an impartial trial.

¶ 2    Plaintiff Carmelita Jackson sued defendant Patrick Martinez and others, alleging, *inter alia*, intentional infliction of emotional distress and battery. After a hearing on the claims against defendant only, the trial court dismissed the intentional infliction of emotional distress claim and found defendant not liable for battery.

¶ 3    Plaintiff appealed, arguing that the trial court committed reversible error because it (1) rescheduled the hearing and thereby deprived her of ample time to rearrange her work schedule and reschedule the appearance of her witnesses, and (2) violated her right to an impartial trial where the court's "outburst and other mishaps" showed that the trial judge was biased against her.

¶ 4    Defendant has not filed a brief on appeal, so this matter is taken for consideration on the record and plaintiff's *pro se* brief only.

¶ 5    For the reasons that follow, we affirm the judgment of the trial court.[1]

¶ 6                                I. BACKGROUND

¶ 7    In 2015, plaintiff filed a complaint against defendant, several other private individuals, the City of Chicago and its police department, and several Chicago police officers, alleging battery, intentional infliction of emotional distress, negligence and defamation. According to her complaint, plaintiff alleged that her tenant and several of the tenant's acquaintances (including defendant) confronted plaintiff on three occasions in August 2013 and struck her multiple times about her face and body, threatened her with a baseball bat, and shot her in the chest with a pistol.

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

Regarding defendant, plaintiff alleged that "a pistol came loose" during the third encounter and defendant picked up the pistol, aimed it at plaintiff and shot her in the chest. According to plaintiff, the police who investigated this offense falsely claimed that she ran from the scene and "were disinclined to believe [her]."

¶ 8    In his answer, defendant denied plaintiff's allegations and asserted that he tried to defend himself when plaintiff attacked him first with a bat, then with her gun, and finally with a club.

¶ 9    The court's February 13, 2018 order, which stated that plaintiff's "attorney did not show or appear," set this matter for trial on the allegations against defendant for March 11, 2019. On February 19, 2019, plaintiff's attorney moved the court to allow him to withdraw as counsel due to "a breakdown in communication" and "irreconcilable differences" with his client. Counsel also asked the court to grant plaintiff 21 days to seek other counsel. The court heard that motion on March 1, 2019, and entered and continued it to the March 11 trial date. On March 5, 2019, plaintiff's counsel filed an emergency motion to continue the March 11 trial date, stating that plaintiff had two key eyewitnesses who were unavailable and would not confirm their appearance at the March 11 trial date. That motion, however, did not identify the eyewitnesses or elaborate on the nature of their unavailability. On March 7, 2019, the court denied plaintiff's motion to continue the March 11 trial date.

¶ 10   On the morning of March 11, 2019, the court ruled that the March 11 trial date would stand and ordered defendant to tender *instanter* a copy of his deposition transcript upon plaintiff's payment of the transcript prior to the start of the hearing. Furthermore, defendant moved the court to bar the testimony of plaintiff's eyewitness Brian Brown based on plaintiff's alleged violation of discovery rules. Also, the parties filed a signed stipulation regarding the costs billed to plaintiff for

her emergency medical treatment and medical services and defendant's agreement to admit into evidence plaintiff's medical records and bills. In addition, the court entered an oral order that continued the bench trial to March 12, 2019, at 9 a.m.

¶ 11     On March 12, 2019, after hearing evidence on plaintiff's claims against defendant, the trial court (1) dismissed plaintiff's claim of intentional infliction of emotional distress pursuant to section 2-1110 of the Code of Civil Procedure (735 ILCS 5/2-1110 (West 2018)) for failure to meet her burden of proof to establish a *prima facie* case, and (2) found defendant not liable for battery.

¶ 12     Plaintiff timely appealed.

¶ 13                                II. ANALYSIS

¶ 14     First, plaintiff argues the trial court committed reversible error because it "abruptly shut down the trial" on the initial March 11, 2019 hearing date and "continued it to the next day, March 12, 2019," and thereby deprived her of ample time to rearrange her work schedule and reschedule the appearance of her witnesses. Plaintiff contends that the abrupt change of the trial date caused her to lose witnesses and prevented her from presenting her full case to the court.

¶ 15     The decision to grant or deny a motion for continuance is addressed to the sound discretion of the trial court and should not be overturned on appeal unless that discretion has been abused. *Huber v. Reznick*, 107 Ill. App. 3d 529, 543 (1982). The trial court abuses its discretion when its decision is arbitrary, fanciful, unreasonable, or where no reasonable person would adopt its view. *People ex rel. Department of Transportation v. Kotara. L.L.C.*, 379 Ill. App. 3d 276, 286 (2008). A critical factor in the review of such rulings is whether the party who sought the continuance showed diligence in proceeding with the cause. *Trillet v. Bachman*, 96 Ill. App. 3d 477, 481 (1981).

Once a cause is reached for hearing, a motion for continuance should show sufficient excuse for the delay and the movant should present especially grave reasons to support her request. *Teitelbaum v. Reliable Welding Co.*, 106 Ill. App. 3d 651, 656 (1982).

¶ 16    In order to support a claim of error on appeal, the appellant has the burden to present a sufficiently complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In fact, "[f]rom the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant." *Id.* at 391. Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding. Instead, absent a record, "it [is] presumed that the order entered by the trial court [is] in conformity with the law and had a sufficient factual basis." *Id.* at 392. Any doubts arising from an incomplete record will be resolved against the appellant. *Id.*

¶ 17    The record before this court consists of only common law documents, which nevertheless indicate that the trial court afforded the parties the opportunity to conduct discovery and present evidence over the two consecutive hearing days held in this matter. Furthermore, plaintiff's assertion on appeal—that the abrupt "shut down" of the scheduled March 11 hearing prevented her from presenting eyewitness testimony—is inconsistent with her arguments in her motions before the trial court to continue the March 11 trial date due to her eyewitnesses' unavailability.

¶ 18    There is no indication in the record that, when the court issued its oral order continuing the bench trial to the next day, plaintiff moved the court for another continuance. In addition, there is no indication that the case against defendant was complex or difficult to prepare, or that plaintiff's preparation was frustrated by any unique or unforeseeable intervening circumstances. Moreover,

plaintiff failed to indicate before the trial court and here on appeal the identity of her necessary witnesses, the nature of their expected testimony or the steps taken to secure their appearance at the trial.

¶ 19    Without a report of proceedings, this court has no knowledge of what arguments the parties made before the court, what facts were presented and found credible by the court, or if there was any additional reasoning and rationale that provided the basis for the trial court's rulings. Under these circumstances, this court must presume that the trial court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005); *Foutch*, 99 Ill. 2d at 391-92. We cannot say the trial court's decision to commence the bench trial on March 11, 2019, as scheduled, and continue the trial to its completion the next day was arbitrary or resulted from an abuse of discretion.

¶ 20    Finally, plaintiff argues that the court violated her right to an impartial trial due to an "outburst and other mishaps during hearings and the actual trial, [which] were clearly biased." She also states that the trial judge "went further and began to chant in open court 'she is from a certain community in the Chicago area that is very dangerous and drug infected.' "

¶ 21    We cannot review this claim due to the condition of the record on appeal, which does not contain any hearing transcript, report of proceedings or bystander's report, pursuant to Illinois Supreme Court Rule 323 (eff. July 1, 2017). *Foutch*, 99 Ill. 2d at 391-92.

¶ 22                                III. CONCLUSION

¶ 23    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 24    Affirmed.